CALVIN VESTAL v. W. J. SLOAN and wife.

*Trusts and Trustees -- Account.*

Where A, by arrangement between them, bought B's land at execution sale and took the title to himself agreeing that he would reconvey to B upon payment of the amount of his bid and also a certain debt due to A as guardian ; and afterwards B makes a payment to A and is induced by misrepresentation and fraud on the part of A, to take A's bond to make title to the land to B's wife ·on payment of $500 ; *Held*, that the relation of trustee and *cestui que trust* was established by the original agreement and the latter bargain was void, and that B was entitled to an account to ascertain what balance if any was due to A.

(*Lee* v. *Pearce* 68 N. C. 76 ; *Whitehead* v. *Hellen* and *Kornegay* v. *Spicer* at this term, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1876, of CHATHAM Superior Court, before *Cloud, J.*

The plaintiff claimed certain lands in the county of Chatham, formerly owned by the defendant. The Sheriff sold the same by virtue of sundry executions against the defendant and the plaintiff became the purchaser in the sum of $200, and upon payment of the money, obtained a deed from the Sheriff.

Subsequently, and at the request of the defendant, the plaintiff executed a bond to make title to the land to Mrs. Sloan on payment of $500; but the defendant insisted that this arrangement. was brought about by fraud, practiced upon him by the plaintiff. The plaintiff was guardian of the minor heirs of one Watson and as such guardian held a judgment against the defendant. There was evidence tending to show that the parties had agreed that one Williams should bid off the land at the sale for the defendant, and that while the sale was progressing, the defendant stopped Williams from bidding, because the plaintiff suggested

to him that the claim due "the Watson heirs" might be more advantageously compromised by the plaintiff; and that he would buy the land and reconvey to defendant upon payment of his bid, and such sum as he would have to pay the Watson heirs. The plaintiff bought at the said sum of $200 and thereafter compromised the claim of said heirs at $400.

It further appeared that the plaintiff with the consent of the defendant sold a portion of the land to J. A. Williams for $500, and that afterwards the defendant paid the plaintiff $100 in cash; that a short time after said payment, the plaintiff threatened to turn the defendants out of possession and thereupon the said bond to Mrs Sloan was taken up and two notes of $250 each were executed by defendants to plaintiff, who surrendered to Sloan certain receipts he held against him as Constable. Subsequently the title bond and notes were respectively surrendered, and the plaintiff took possession of that portion of the land known as the "Aaron Johnson" tract, and demanded that defendant should pay $650 for the balance of the land, which the defendant declined to do, but tendered to plaintiff the amount of interest due on the $600.

The evidence for the plaintiff was in conflict with that of the defendant in regard to what was said on the occasion of the sale; the plaintiff, as guardian of the said heirs, had paid to one of them about $900 and to the other $700 and that the receipts he held against defendant as Constable amounted to about $400. There was also conflicting evidence as to the sale to J. A. Williams and the amount of the notes of Mrs. Sloan.

The material issues submitted to and found by the jury under the charge of the Court were as follows:

1. That plaintiff did agree with defendant on the day of Sheriff's sale, that upon payment of $600 he would convey the land in controversy to Sloan.

2. That Sloan paid plaintiff $600 and tendered $110 interest.

3. That defendants did execute the notes of 28th Nov., 1872, for the purchase of said land and accepted the bond to make title, by reason of fraud, duress and misrepresentation on the part of plaintiff.

4. That the annual value of the land in dispute was $40.

Verdict for the defendants. Rule for new trial. Rule discharged. Judgment. Appeal by plaintiff.

*Mr. John Manning*, for the plaintiff.
*Messrs. L. C. Edwards, J. B. Batchelor* and *J. H. Headen*, for the defendants.

PEARSON, C. J. This case involves the principles in respect to dealings between trustee and *cestui que trust*, which are decided and discussed in *Lee* v. *Pearce*, 68 N. C. 76 and in *Whitehead* v. *Hellen* and *Kornegay* v. *Spicer*, at this term. A reference to the three casesnamed is all that is necessary. A statement of the facts of this case will show the application.

At the sale, plaintiff agreed to buy the land for Sloan and hold the title in trust to secure the amount of his bid, and also the amount due to his wards. The whole amount is fixed at $600.

This constituted the relation of trustee and *cestui que trust*. By a sale of a part of the land, the defendant paid to plaintiff $500, and he also paid $100. So that, he had redeemed his land except a balance for interest.

In this condition of things the plaintiff says to defendant: "I am not bound in law to comply with my agreement because it is not in writing and I demand possession," whereupon the defendant agrees to give up his equity of redemption and to accept the Lond of plaintiff to make title to his wife on payment of the sum of $500. Why this extra payment is required is not explained unless it can be referred to the

9

fact that plaintiff handed up to the defendant his receipts. as constable for claims to the amount of some $300 or $400.

Afterwards the plaintiff takes possession of another part of the land (Aaron Johnson tract) and finally concludes to "gobble up" the rest, but is induced to let the defendant have three months further time in which to redeem, provided at the end of that time, if the money was not paid, the defendant and his wife would quietly surrender the possession.

Can a more flagrant case of fraud and oppression be imagined?

The extension of time for turning out the defendant has no legal effect; the plaintiff had paid nothing for the defendant's right to redeem and the terms of this extension of time, as well as the refusal to accept the interest which was tendered and the manner of the refusal, all show that the plaintiff was oppressively exercising the power which he supposed he had over a necessitous man, who was in "his clutches."

There will be an order for an account to show the balance due on the original $600; to-wit: the interest at 6 per cent in arrear, after deducting the rents and profits of the Aaron Johnson tract while the plaintiff has been in possession, and a decree that upon payment of such balance, the plaintiff convey the land, excepting the part sold to Williams, to the defendant Sloan. If the rents and profits of the Aaron Johnson tract while the plaintiff has been in possession be in excess of the interest in arrear, the plaintiff will pay that amount to Sloan.

There will also be an order that Sloan return to the plaintiff (or account therefor) the constable's receipts, but this is no charge on the land. Mrs. Sloan will not be noticed in the decree. She is merely a volunteer, has paid nothing, and

was simply the object of her husband's bounty, in all proba-
bility to put the land out of the reach of creditors.

No error. .

PER CURIAM. Judgment affirmed.