CORNELIA H. LOWE v. RICHARD J. MURCHISON AND ANNA P. MURCHISON

No. 7914SC263

(Filed 8 January 1980)

**Trusts § 14.2— promise to lend money for repurchase of land—land bought by lender—breach of confidence—constructive trust**

Where a church deacon promises to a church member, who is elderly, illiterate and in poor health, a loan to allow her to repurchase property she has lost through foreclosure, the church member is entitled to have a constructive trust impressed upon the land if the deacon purchases it for himself rather than abiding by his promise to make the loan.

APPEAL by plaintiff from *Farmer, Judge*. Judgment entered 14 February 1979 in Superior Court, DURHAM County. Heard in the Court of Appeals 14 November 1979.

Plaintiff's complaint may be summarized as follows: Plaintiff failed to keep current the payments on her residence, which resulted in foreclosure and public sale of her property. Mechanics & Farmers Bank was the highest bidder. Plaintiff did not repurchase the property within the time allowed to her, so she was evicted. She applied to the pastor of her church for help in repurchasing the property, and the pastor, plaintiff, and defendant, a deacon in the church, met to discuss the matter. When the pastor explained that the procedures required by the church would mean a long delay, defendant "volunteered to supply plaintiff with the necessary funds in the form of a loan to her so the plaintiff could repurchase the house." By arrangement, plaintiff met defendant on two consecutive mornings at Mechanics & Farmers Bank, and at the second meeting she executed documents which defendant represented to her as, and which she believed to be, a deed of trust or other papers evidencing a loan from defendant of the $8,000 purchase price. In fact, defendant purchased the property in his and his wife's names. On the afternoon of that day plaintiff moved back into the house, and remained there for nearly two years, until she received a notice to vacate. At about the time plaintiff reentered the property she received from a realty company, defendants' agent, notice to begin payments of $100 per month as "rent." She made these payments until the time of the notice to vacate, when her tendered payment was refused. Plaintiff seeks to have a constructive trust placed upon the property.

Defendant denied that he had told the plaintiff that he was making a loan to her and that she had ever executed any papers in his presence. Defendants moved for summary judgment, which was granted. Plaintiff appeals.

*Grover C. McCain, Jr., and Frances D. Cooke for plaintiff appellant.*

*Eric C. Michaux and Robert Brown, Jr., for defendant appellees.*

ARNOLD, Judge.

Plaintiff contends that the court erred in granting summary judgment for the defendants. The test on a motion for summary judgment is whether there exists any genuine issue of material fact. G.S. 1A-1, Rule 56(c). Defendants here moved for summary judgment, and it appears from the face of their motion and the court's order granting summary judgment that affidavits were presented and considered in support of the motion. The content of these affidavits does not appear in the record, however. As a result, we can consider only the pleadings in determining whether defendant met his burden of showing that no genuine issue of material fact exists. As it is clear from the pleadings that there are genuine issues of fact—the main one being whether defendant promised to loan plaintiff the money to repurchase her property—the question for our determination is whether these issues are material.

Plaintiff contends that defendant offered to loan her the money to repurchase her house, and that he represented to her during their meeting at the bank that she was signing loan papers. Defendant denies this. These issues are only material if resolution of them in plaintiff's favor would entitle her to judgment as a matter of law. For purposes of this discussion, then, we will assume that the facts are as plaintiff alleges them to be.

The narrow question on this appeal may be set out as follows: "Where a church deacon promises to a church member who is elderly, illiterate and in poor health, a loan to allow her to repurchase property she has lost through foreclosure, is the church member entitled to have a constructive trust impressed upon the land if the deacon purchases it for himself rather than abiding by his promise to make the loan?" We find that the answer to this question is yes.

"A constructive trust is . . . imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through . . . some . . . circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust. . . . [A] constructive trust is . . . brought into operation to prevent unjust enrichment." *Wilson v. Crab Orchard Development Co., Inc.*, 276 N.C. 198, 211, 171 S.E. 2d 873, 882 (1970). A constructive

trust may be imposed in a virtually unlimited variety of situations, the common element being some wrongdoing by the holder of title to the property. *Id.*

Two early North Carolina cases are closely analogous to the situation now before us, and control our decision here. In *Mulholland v. York*, 82 N.C. 510 (1880), the defendant bought the plaintiff's lands at an execution sale under an agreement with the plaintiff that when he was reimbursed the purchase money and interest he would reconvey the land to the plaintiff. The court found that on these facts a trust in the plaintiff's favor attached, since "the debtor, trusting to the good faith of the party promising and lulled into a false security, may have desisted, in consequence of the assurance, from making other efforts to prevent the sale and sacrifice of his property, and it would be a fraud in the purchaser to take advantage of the confidence and hold it, thus acquired, for his own use and to the injury of the owner." *Id.* at 514-15. Similarly, in the present case plaintiff's reliance upon the defendant's promise may have caused her to cease looking elsewhere for a loan with which to repurchase her property. In *Vestal v. Sloan*, 76 N.C. 127 (1877), likewise, the plaintiff purchased defendant's land at an execution sale, having agreed that he would reconvey the land to defendant upon payment of the purchase price and certain pre-existing debts. The court said simply, "This constituted the relation of trustee and *cestui que trust.*" *Id.* at 129.

We hold that if the facts are found to be as plaintiff alleges, she would be entitled to a constructive trust in her favor. Therefore, the issues of fact are material, and summary judgment for defendants was improper. The order of the trial court is

Reversed.

Judges CLARK and ERWIN concur.