EVELYN HAYWORTH POSTON, PLAINTIFF v. MORGAN-SCHULTHEISS, INC.,
A CORPORATION; HIGH POINT BANK & TRUST COMPANY; ELIZABETH
WILLARD McINNIS AND J. V. MORGAN, DEFENDANTS

No. 7918SC935

(Filed 15 April 1980)

Fraud § 12.1— fraud in procurement of deed—statute of limitations pled—summary judgment proper

  Defendants were entitled to summary judgment in plaintiff's action for
damages or a decree voiding a deed she had executed where plaintiff alleged
that she was induced by fraud to sign a warranty deed and that defendants
conspired to obtain her property for less than its true value; defendants
answered that the transaction in which plaintiff conveyed her property to one
defendant occurred more than five years before filing of the complaint; and
plaintiff made no reply alleging that she first discovered facts about the trans-
action which would constitute fraud within the three years prior to the filing
of the action.

APPEAL by plaintiff from *Collier, Judge*. Orders entered 26
March, 2 April and 5 April 1979 in Superior Court, GUILFORD
County. Heard in the Court of Appeals 27 March 1980.

The factual background of this action is set out at length in
our opinion in *Trust Co. v. Morgan-Schultheiss*, 33 N.C. App. 406,
235 S.E. 2d 693, *cert. denied* 293 N.C. 258, 237 S.E. 2d 535 (1977),
*cert. denied* 439 U.S. 958, 58 L.Ed. 2d 350, 99 S.Ct. 360 (1978).
Briefly, plaintiff owned a tract of land which she wished to use as
security for a loan. Defendant Morgan was her attorney at the
time she entered into an agreement with defendant Morgan-
Schultheiss, Inc. by which she received in exchange for the
property $60,000 and a six-month option to repurchase. Morgan-
Schultheiss borrowed the $60,000 from defendant High Point
Bank & Trust Co. (the Bank) with the land as security.

The previous appeal arising from these facts involved an ac-
tion by the Bank for the principal and interest on the $60,000 loan
to Morgan-Schultheiss and for foreclosure on the property, and an
action by the plaintiff here to reform the warranty deed she had
given Morgan-Schultheiss into a mortgage. The summary
judgments entered at the trial level were partially reversed, since
we found that material questions of fact existed as to whether the
transaction between plaintiff and Morgan-Schultheiss was a sale

of the land or a mortgage. Plaintiff's action to reform the warranty deed was subsequently dismissed with prejudice for failure to prosecute.

Pursuant to the judgment in its action, the Bank obtained a writ of possession and ejectment to remove plaintiff from the property. Plaintiff signed an "Acknowledgement and Consent" recognizing the Bank's right to possession of the land and agreeing to remove her property from it.

Plaintiff then instituted the present action, alleging among other things that she was induced by fraud to sign a warranty deed; that defendants conspired to obtain her property for less than its true value; and that defendant McInnis harassed her with anonymous and threatening telephone calls. She seeks damages, trebled under the Unfair and Deceptive Trade Practices Act, or a decree voiding the deed, and from defendant McInnis she seeks damages.

Defendants answered and moved for dismissal under Rule 12(b)(6). They also moved for summary judgment, which was granted as to each defendant. Plaintiff appeals.

*Plaintiff appellant Evelyn Hayworth Poston appearing pro se.*

*Haworth, Riggs, Kuhn, Haworth & Miller, by John Haworth for defendant appellees McInnis and High Point Bank & Trust Co.*

*Bynum M. Hunter and Alan W. Duncan for defendant appellee Morgan.*

*Frank B. Wyatt for defendant appellee Morgan-Schultheiss, Inc.*

ARNOLD, Judge.

Plaintiff argues on appeal that each defendant has failed to show that no genuine issue of material fact exists.

Defendant Morgan-Schultheiss raised as its fifth defense the statute of limitations. G.S. 1-52(9) establishes a three-year statute of limitations for actions grounded in fraud or mistake, and the present action was brought more than five years after the transaction in which plaintiff conveyed her property to defendant.

Where it clearly appears that plaintiff's claim is barred by the running of the statute of limitations, defendant is entitled to judgment as a matter of law, and summary judgment is appropriate. *Jarrell v. Samsonite Corp.*, 12 N.C. App. 673, 184 S.E. 2d 376 (1971), *cert. denied* 280 N.C. 180, 185 S.E. 2d 704 (1972).

Plaintiff points to the second clause of G.S. 1-52(9)—"the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake"—and argues that defendant has failed to "set out facts which the plaintiff knew or should have known [presumably at the time of the conveyance on 30 July 1974] to put her on notice of fraud." This burden is not upon defendant, however. In its affidavit in support of its motion for summary judgment, defendant, by its president, testified that the single transaction between plaintiff and defendant took place on 30 July 1974, and that more than three years have passed since that transaction. This is a sufficient forecast of evidence to entitle defendant to summary judgment. *Id.* Once defendant made this showing, the burden shifted to plaintiff to forecast evidence which would show that defendant was not entitled to judgment as a matter of law. *Best v. Perry*, 41 N.C. App. 107, 254 S.E. 2d 281 (1979). In this case, plaintiff would have needed to show that she first discovered facts about the transaction which would constitute fraud within the three years prior to the filing of this action. Since she did not respond to defendant's motion at all, she clearly has not done so. "[O]nce the defending party forecasts evidence . . . which tends to establish his right to judgment as a matter of law, the claimant must present a forecast of the evidence . . . which will tend to support his claim for relief. . . . If the claimant does not respond at that time . . . , summary judgment should be entered in favor of the defending party." *Id.* at 110, 254 S.E. 2d 284. Summary judgment for defendant Morgan-Schultheiss was proper.

The same reasoning applies to the summary judgment granted to defendants Bank and Morgan, and to that granted to defendant McInnis on plaintiff's first cause of action. Plaintiff's third cause of action, against defendant McInnis alone, fails to state a claim upon which relief can be granted. Therefore, any issue of fact which exists would not be material, see *Lowe v. Murchison*, 44 N.C. App. 488, 261 S.E. 2d 255 (1980), and summary

judgment for defendant on this cause of action also was appropriate.

Summary judgment for all defendants was proper. The orders of the trial court are

Affirmed.

Judges HEDRICK and ERWIN concur.