LUCIUS M. CHESHIRE, SR. v. CAROLINA POWER & LIGHT COMPANY

No. 8115SC147

(Filed 3 November 1981)

**Attorneys at Law § 7.1; Limitation of Actions § 4.6— clearing title to land—agreement to pay attorney fees—statute of limitations**

　　Where defendant power company agreed in an option to purchase land that it would pay all costs associated with legal proceedings necessary to clear title to the land, a special proceeding was brought before the clerk to authorize the sale of the land, plaintiff attorney was employed to represent three respondents who claimed an interest in the land, the sale was authorized and conducted, the commissioner's final account was approved by the clerk, and after the final accounting plaintiff continued to represent his clients with respect to their interests in the proceeds of the sale, it was *held* that defendant's obligation as to legal fees culminated when clear title was established and did not include legal fees incurred in proceedings involving the distribution of the proceeds of the sale, plaintiff's claim against defendant for legal fees accrued when the commissioner's final account was filed and approved, and plaintiff's action instituted more than three years after the final account was approved was barred by the statute of limitations of G.S. 1-52.

APPEAL by defendant from *Brewer, Judge* and *Bailey, Judge.* Judgments entered in ORANGE County, Superior Court 13 October 1980 and 20 November 1980. Heard in the Court of Appeals 16 September 1981.

　　Plaintiff brought this action to recover compensation for legal services performed for defendant's benefit. Judge Brewer entered partial summary judgment in plaintiff's favor, establishing liability. Judge Bailey subsequently entered summary judgment in plaintiff's favor awarding plaintiff the sum of $5,085.00 for his services. Defendant appealed from both judgments.

　　*Graham & Cheshire, by D. Michael Parker, for plaintiff-appellee.*

　　*Andrew McDaniel, Associate General Counsel, for defendant-appellant.*

WELLS, Judge.

　　In one of its assignments of error, defendant contends that plaintiff's claim is barred under the applicable statute of limita-

tions, G.S. 1-52, because his action was not commenced within three years after it accrued. We agree, reverse the actions of the trial court, and hold that defendant was entitled to summary judgment in its favor.

The facts as they appeared in the materials properly considered by the trial court show that defendant offered to purchase a tract of land in Person County from Ruth Harris Crumpton. Ruth Crumpton owned a life estate in the property and could not therefore convey a marketable fee simple title to defendant. As part of the consideration to be paid by defendant for the property, defendant offered to pay all costs associated with the legal proceedings necessary to clear title to the property. Plaintiff was employed to represent three persons claiming an interest in the property. A special proceeding was brought before the Clerk of Superior Court of Person County to authorize the sale of property. Plaintiff's clients were named as respondents in the petition for sale. The special proceedings resulted in an order of sale by the Clerk on 7 May 1975. On 2 June 1975, the Clerk's original order was confirmed by the Clerk and approved by a Superior Court Judge. The Commissioner, who was authorized and directed by the Clerk's order to complete the sale, filed his final account on 20 August 1975, and the final account was approved by the Clerk on 21 August 1975. The final account discloses that a deed to the property was executed and delivered to defendant. Defendant paid the purchase price required by the Clerk's order of sale, and the Commissioner paid the net funds received from the sale to the Clerk for final distribution.

Subsequent to the final accounting to the Clerk, plaintiff continued to represent his clients with respect to their interest in the proceeds of the sale. Plaintiff contends that defendant obligated itself to pay legal fees incurred in the special proceedings from beginning to end. Defendant contends that its obligations as to legal fees culminated when clear title was established and that it is not obligated for any legal fees incurred in proceedings involving the distribution of the proceeds of the sale. If defendant is right, plaintiff's cause of action accrued when the final account was filed and approved. The answer to this question is to be found in the provisions of the option agreement, where defendant made its promise upon which plaintiff relies. The operative paragraph of the option agreement is as follows:

In the event that, in the opinion of counsel for COMPANY, the parties of the first part shall be unable to convey merchantable title to said lands at the time COMPANY exercises this option and makes tender of payment as provided in the preceding paragraph, the parties of the first part agree to cooperate with COMPANY in removing any defects in title including the institution of appropriate legal proceedings, the last of which will be paid for by COMPANY.

Our Supreme Court, in *Crumpton v. Crumpton*, 290 N.C. 651, 227 S.E. 2d 587 (1976) made it clear that the statutory scheme as set forth in G.S. 41-11[1] was intended "not to obtain predictive declarations of future rights of the parties [to the sale], *inter se*, but rather to promote the interest of all the parties by allowing the sale of desirable land free from restrictions imposed by the presence of uncertainties as to whom the land will ultimately belong." Our interpretation of *Crumpton* leads to the inevitable conclusion that once the title has been cleared by the order of sale and final accounting, the purchaser has no further interest or responsibility in the special proceedings. We find the language of the option agreement to be clear and unambiguous. Defendant obligated itself to pay the expenses incurred in such proceedings as might be necessary to enable the optionee to convey merchantable title to defendant, nothing more. Thus, when the final account was filed, showing title conveyed and the deed delivered, defendant's promise to pay for legal fees in establishing title ripened into an obligation to pay plaintiff such fees as he was entitled to for his work in the process of establishing merchantable title. We hold, therefore, that plaintiff's cause of action accrued no later than 21 August 1975, the date the final account was approved. This action being one in contract, it is controlled by the three year statute of limitations set out in G.S. 1-52. Since plaintiff did not institute his action until 27 March 1979, plaintiff's action was barred under the statute.

In its answer, defendant properly asserted the statute of limitations as an affirmative defense. The undisputed facts properly before the trial court show that plaintiff's claim was barred,

---

1. Providing for the sale, lease or mortgage of estates in land in case of remainders.

and defendant was, therefore, entitled to judgment as a matter of law. *Jarrell v. Samsonite Corp.*, 12 N.C. App. 673, 184 S.E. 2d 376 (1971) *cert. denied*, 280 N.C. 180, 185 S.E. 2d 704 (1971), *Poston v. Morgan-Schultheiss, Inc.*, 46 N.C. App. 321, 265 S.E. 2d 615 (1980) *cert. denied*, 301 N.C. 95, 273 S.E. 2d 300 (1980). Accordingly, the judgments of the trial court must be reversed and this matter remanded for entry of summary judgment for defendant.

Reversed and remanded.

Chief Judge MORRIS and Judge MARTIN (H.) concur.