303 S.E.2d 234 (1983)
HIGHLANDS TOWNSHIP TAXPAYERS ASSOCIATION an unincorporated association
v.
HIGHLANDS TOWNSHIP TAXPAYERS ASSOCIATION, INC., A North Carolina Corporation, Allen R. Tarleton, Herbert L. Hyde, Jerrie F. Barkley, Gregory Alan Barker, Thomas B. Crumpler, Elizabeth Worley, Ralph Deville, Individually.
No. 8230SC546.
Court of Appeals of North Carolina.
June 7, 1983.
*235 J. Edwin Henson, Cashiers, for plaintiff-appellant.
Van Winkle, Buck, Wall, Starnes & Davis, P.A. by Allan R. Tarleton, Asheville, for defendants-appellees Highlands Tp. Taxpayers Ass'n, Inc., Allan R. Tarleton, Jerrie F. Barkley, Gregory Alan Barker, Thomas B. Crumpler, Elizabeth Worley and Ralph Deville.
Herbert L. Hyde, pro se.
EAGLES, Judge.
Since matters outside of the pleadings, in the form of requests for admissions and answers, were presented to and not excluded by the trial court, defendants' motions to dismiss must be treated as motions for summary judgment under Rule 56. G.S. 1A-1, Rule 12(b). Summary judgment is properly entered where the movant shows that there is no genuine issue as to any material fact and he is entitled to a judgment as a matter of law. Rule 56(c); Kessing v. Mortgage Corp., 278 N.C. 523, 180 S.E.2d 823 (1971). "Summary judgment is designed to eliminate formal trials where only questions of law are involved by permitting penetration of an unfounded claim or defense in advance of trial and allowing summary disposition for either party when a fatal weakness in the claim or defense is exposed." Vassey v. Burch, 301 N.C. 68, 72, 269 S.E.2d 137, 140 (1980).
Viewing the evidence presented in the light most favorable to the plaintiff and drawing all inferences of fact against the defendants, we find such a fatal weakness in plaintiff's claim which would compel the entry of summary judgment in defendants' favor.
As alleged in its complaint, plaintiff is an unincorporated association formed in 1973 for the purpose of influencing various government policies of the Town of Highlands and Macon County. At common law such an unincorporated association could not sue or be sued as a legal entity since it had no existence separate and distinct from its members. See, Youngblood v. Bright, 243 N.C. 599, 91 S.E.2d 559 (1956). However, G.S. 1-69.1 now provides, in pertinent part, access to the courts as follows:
All unincorporated associations, ... whether organized for profit or not, may hereafter sue or be sued under the name by which they are commonly known and called, or under which they are doing business, to the same extent as any other legal entity established by law and without naming any of the individual members composing it.... Any unincorporated association ... bringing a suit in the name by which it is commonly known and called must allege the specific location of the recordation required by G.S. 66-68.
G.S. 66-68 requires that a business operating under an assumed name file a certificate, stating the name of the business and name and address of the owner(s), in the office of the register of deeds of the county in which business is conducted.
Under G.S. 1A-1, Rule 9(a) the issue of the capacity to sue or the lack thereof is to be pleaded as a special matter:
(a) Capacity.Any party not a natural person shall make an affirmative averment showing its legal existence and capacity to sue.... When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued..., he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.
In the motions to dismiss contained in their answers, defendants specifically put into issue plaintiff's capacity to sue by their allegation that plaintiff "has not complied with the laws which may allow an unincorporated *236 association to sue and has failed properly to allege registration as required by law." After defendants effectively challenged plaintiff's capacity to sue in their converted motions for summary judgment, it became incumbent upon the plaintiff to present a forecast of evidence showing that there was a triable issue on this question. See Poston v. Morgan-Schultheiss, Inc., 46 N.C.App. 321, 265 S.E.2d 615 (1980). Plaintiff has failed to do so.
The record before us contains no evidence of plaintiff's compliance with the directives of G.S. 1-69.1 to file the certificate as set out in G.S. 66-68. The statutory language of G.S. 1-69.1 is very clear and specific, i.e., any unincorporated association desiring to commence litigation in its commonly held name must allege the location of the recordation required by G.S. 66-68. Applying the well-settled principle that statutes in derogation of the common law must be strictly construed, we find the action of the trial court correct in dismissing plaintiff's complaint for failure to comply with these statutory mandates. See, Ellington v. Bradford, 242 N.C. 159, 86 S.E.2d 925 (1955). Strict construction of G.S. 1-69.1 requires that before an unincorporated association may gain the privilege of instituting a lawsuit in its common name, first there must be recordation of the necessary information required by G.S. 66-68 and then allegation of its specific location.
We are not unaware of the seeming contradiction between the specific mandate of recordation prior to filing an action which is set out in G.S. 1-69.1 and the provisions of G.S. 66-71. This last statute classifies the failure to record under G.S. 66-68 as a misdemeanor which may result in a penalty collectible in a civil action and states in subsection (b) that the "failure of any person to comply with the provisions of this Article does not prevent a recovery by such person in any civil action brought in any of the courts of this State." Applying settled rules of statutory construction, we conclude that the provisions of G.S. 1-69.1 control in this case. What is now G.S. 66-71, allowing recovery in a civil action in spite of statutory noncompliance, came into being by the enactment of chapter 2, Public Laws 1919 which added the proviso in C.S., 3291. The amendment to G.S. 1-69.1, which added the requirement of an allegation of G.S. 66-68 recordation before suit may be brought by an unincorporated association in its common name, was enacted effective 1 October 1975. Therefore, in the face of any irreconcilable conflict between the provisions of these two statutes, G.S. 1-69.1, being the later enactment, will control or be regarded as a qualification of the earlier statute. See, State v. Hutson, 10 N.C.App. 653, 179 S.E.2d 858 (1971). We reach the same conclusion when the subject matter of the two statutes is examined, since the more particular directives of G.S. 1-69.1 would prevail over the general recordation provisions of G.S. 66-68 et seq. See, Food Stores v. Board of Alcoholic Control, 268 N.C. 624, 151 S.E.2d 582 (1966). The requirements of G.S. 1-69.1 are mandatory and failure to satisfy them is not exonerated by G.S. 66-71.
For the foregoing reasons, we hold the dismissal of plaintiff's action to be proper.
Affirmed.
WELLS and BECTON, JJ., concur.