SUZANNE M. BLACKBURN, Plaintiff v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant

No. COA99-1408

(Filed 29 December 2000)

**Insurance— automobile—UIM—rejection form—added language**

The trial court erred by granting plaintiff's motion for summary judgment in a declaratory judgment action to determine the validity of a UIM selection/rejection form where plaintiff contended that the form used by her husband to reject UIM coverage was not valid because it contained language not promulgated by the Rate Bureau and approved by the Department of Insurance. The added language offered an explanation of UIM and UM coverage which would aid the insured in making an informed decision and did not require the insured to take additional steps to reject UIM coverage.

Appeal by defendant from judgment entered 1 October 1999 by Judge Frank R. Brown and filed 5 October 1999 in Wilson County Superior Court. Heard in the Court of Appeals 21 September 2000.

*Gibbons, Cozart, Jones, Hughes, Sallenger & Taylor, by W. Earl Taylor, Jr., for plaintiff-appellee.*

*DeBank & Honeycutt, by John T. Honeycutt, for defendant-appellant.*

*Young, Moore and Henderson, P.A., by R. Michael Strickland and Robert C. Paschal, for amicus curiae North Carolina Rate Bureau.*

WALKER, Judge.

On 3 May 1999, plaintiff filed this action seeking a declaratory judgment that the policy of automobile insurance issued by defendant provided underinsured motorists (UIM) coverage to plaintiff on 26 March 1998 because the purported UIM and uninsured (UM) selection/rejection form executed by plaintiff's husband (Mr. Blackburn) was invalid.

Mr. Blackburn procured automobile insurance coverage with defendant on 15 August 1995, at which time he chose to "reject Combined [UM/UIM] Coverage and select [UM] Coverage" by executing a selection/rejection form. On 26 March 1998, plaintiff was injured in an automobile accident, which she alleged was caused by the negligence of Ganapa S. Murthy (Murthy). Plaintiff sued Murthy to recover damages for personal injuries sustained in the accident but received only $25,000, which amount represented the limits of the liability coverage. Plaintiff then sought additional compensation from defendant, which was denied on the basis that Mr. Blackburn elected not to carry UIM coverage. Both parties filed motions for summary judgment and the trial court granted plaintiff's motion.

In its sole assignment of error, defendant contends the trial court erred in granting plaintiff's motion for summary judgment because Mr. Blackburn, the named insured under defendant's insurance policy, had rejected UIM coverage. In support of its contention, defendant asserts that: (1) pursuant to N.C. Gen. Stat. § 20-279.21(b)(4), a named insured may reject UIM coverage in writing on a form promulgated by the North Carolina Rate Bureau (Rate Bureau) and approved by the Department of Insurance; and (2) the selection/rejection form in this case was promulgated by the Rate Bureau and was approved by the Department of Insurance. N.C. Gen. Stat. § 20-279.21(b)(4) (1999). On the other hand, plaintiff contends the selection/rejection form executed by Mr. Blackburn was not valid

because it contains language not promulgated by the Rate Bureau and approved by the Department of Insurance.

Summary judgment is proper when, from the materials presented to the court, there exists "no genuine issue as to any material fact." N.C.R. Civ. P. 56 (1999); *Lowe v. Murchison*, 44 N.C. App. 488, 490, 261 S.E.2d 255, 256 (1980). However, a non-moving party may defeat summary judgment by presenting "substantial evidence which would allow that issue to be resolved in his favor." *Best v. Perry*, 41 N.C. App. 107, 110, 254 S.E.2d 281, 284 (1979) (citations omitted).

The rejection of UIM coverage by an insured is governed by N.C. Gen. Stat. § 20-279.21(b)(4), which provides in pertinent part:

The selection or rejection of [UIM] coverage by a named insured or the failure to select or reject is valid and binding on all insureds and vehicles under the policy.

Rejection of or selection of different coverage limits for [UIM] coverage for policies under the jurisdiction of the North Carolina Rate Bureau shall be made in writing by the named insured on a form promulgated by the Bureau and approved by the Commissioner of Insurance.

N.C. Gen. Stat. § 20-279.21(b)(4). Further, the Rate Bureau and Department of Insurance expressed in 1991 their approval of a selection/rejection form that "[a]dd[s] explanations of [UM] and/or combined [UM/UIM] coverages" which otherwise complies with the form promulgated by the Rate Bureau and approved by the Department of Insurance. However, our courts have not addressed whether additional, explanatory language, as here, renders a selection/rejection form invalid.

In *Sanders v. American Spirit Ins. Co.*, 135 N.C. App. 178, 519 S.E.2d 323 (1999), this Court held the rejection of UIM coverage to be ineffective where the form provided the option of rejecting "[UM/UIM] Coverage" instead of providing the option of rejecting "Combined [UM/UIM] Coverage" as contained on the form promulgated by the Rate Bureau and approved by the Department of Insurance. *Id.* at 183, 519 S.E.2d at 326. Thus, the failure to identify the "[UM] and [UIM] Coverage" as "Combined" coverage on the selection/rejection form rendered it invalid, even though it complied with the Rate Bureau and Department of Insurance in other respects. *Id.* at 183-186, 519 S.E.2d at 326-28.

In addition, this Court in *Hendrickson v. Lee*, 119 N.C. App. 444, 459 S.E.2d 275 (1995) rejected an insurer's assertion that a selection/rejection form was valid because it was in "substantial compliance" with the form promulgated by the Rate Bureau and approved by the Department of Insurance. In that case, the selection/rejection form failed because the "sole option" it offered was to "reject [UM] Coverage Limits equal to [insured's] automobile liability limits and select [UM] Coverage at Limits of: . . . Statutory per [North Carolina's] requirement . . . ." *Id.* at 451-52, 459 S.E.2d at 279-80. The language was found to be more restrictive than the language on the form promulgated by the Rate Bureau and approved by the Department of Insurance, which allowed the insured to reject both UM and UIM coverage in their entirety. *Id.* This Court also found that the language on the form in *Hendrickson* was ambiguous, in that it gave the insured the impression that by rejecting [UM] coverage, he or she was "purchasing the minimum required amounts . . . in the state[,]" which amount was "none." *Id.* at 452-53, 459 S.E.2d at 280. This Court thus construed the ambiguous language of the form "against the insurer and in favor of coverage." *Id.* at 453, 459 S.E.2d at 280 (citation omitted).

Plaintiff relies on *State Farm Mut. Auto. Ins. Co. v. Fortin*, 350 N.C. 264, 513 S.E.2d 782, *reh'g denied*, 350 N.C. 600, 536 S.E.2d 323 (1999), where our Supreme Court held that a rejection form was invalid because it was not promulgated by the Rate Bureau and was not approved by the Department of Insurance. In that case, the selection/rejection form was identical to that promulgated by the Rate Bureau and approved by the Department of Insurance with the exception of additional language which required the insured to contact the agent as a final step in rejecting UIM coverage. *Id.* at 269-71, 513 S.E.2d at 784-85. This requirement was held to be in conflict with N.C. Gen. Stat. § 20-279.21(b)(4), which specifically requires rejection to be made in writing on the approved form. *Id.*, N.C. Gen. Stat. § 20-279.21(b)(4).

While the selection/rejection form in this case adds language explaining UM and UIM coverage, it did not require the insured to take additional steps to reject UIM coverage, as did the insured in *Fortin*, 350 N.C. at 269-70, 513 S.E.2d at 784-85. In addition, the selection/rejection form at issue is identical to the form promulgated by the Rate Bureau and approved by the Department of Insurance in 1991, with the exception of the following additional language which defendant contends explains UM and UIM coverage:

BLACKBURN v. STATE FARM MUT. AUTO. INS. CO.

[141 N.C. App. 655 (2000)]

North Carolina law states that unless rejected, no policy of motor vehicle liability insurance shall be issued or delivered unless it contains coverage for the persons insured who are legally entitled to recover damages from owners or operators of [UM] vehicles. (Coverage for property damage is subject to an exclusion of the first $100.00.) In addition to [UM] coverage (Coverage U), an optional Combined [UM][UIM] Coverage (Coverage U1) must be made available. Coverage U1 also includes [UIM] protection. A motor vehicle is underinsured if the liability limits of the at-fault owner or driver are less than the Uninsured/Underinsured limits of the insured's policy. Coverage U1 can only be purchased if your liability insurance limits are greater than the minimum required by North Carolina law.

Coverage U and Coverage U1 are available with limits of up to $1,000,000 per accident for bodily injury and up to the policy property damage liability limits for property damage. Coverage for property damage is applicable only to damages caused by uninsured motor vehicles.

A careful review of this added language reveals that it offers an explanation to the insured of UM and UIM coverage which we believe would aid the insured in making an informed decision on whether to select or reject such coverage. This additional language comports with the authorization given by the Rate Bureau and the Department of Insurance. Therefore, we conclude as a matter of law that this additional language does not render invalid the selection/rejection form executed by Mr. Blackburn.

We therefore reverse the decision of the trial court which granted summary judgment in favor of plaintiff and remand the case to the trial court for entry of summary judgment in favor of defendant.

Reversed and remanded.

Judges McGEE and HORTON concur.