JACKSON, Judge.
On 15 June 2001 Yvonne Stegenga ("Plaintiff") was involved in a head-on collision with a car driven by Jamie Allen Burney and owned by his wife, Tina Lee Burney ("Defendants"). The accident occurred in Randolph *303 County, North Carolina. Plaintiff suffered permanent physical injuries along with property damage. Defendants' insurance carrier tendered the limits of its liability insurance policy in the amount of $30,000.00 to Plaintiff. At the time of the accident, Plaintiff was insured by Allstate Insurance Company ("Allstate").
In May 1996, Plaintiff had applied for an insurance policy through Allstate. When applying for coverage, Plaintiff completed a form entitled "Selection/Rejection Form Uninsured Motorists Coverage Combined Uninsured/Underinsured Motorists Coverage" ("Selection/Rejection Form"). On the form, Plaintiff selected the option stating, "I choose to reject Combined Uninsured/Underinsured Motorists Coverage and select Uninsured Motorists Coverage at limits of. . . ." Allstate then issued an automobile insurance policy to Plaintiff, which remained in effect at the time of the 2001 accident. Plaintiff also was covered under an additional Allstate automobile insurance policy obtained by Paula Arnold in July 1996. At the time of Paula Arnold's application for coverage, she too completed a Selection/Rejection Form and she too chose the option "I choose to reject Combined Uninsured/Underinsured Motorists Coverage and select Uninsured Motorists Coverage at limits of. . . ."
Following her settlement with Defendants' insurer, Plaintiff filed a claim with her insurance carrier, Allstate, for payment pursuant to the underinsured motorists ("UIM") coverage provision under both of the Allstate policies. Prior to her settlement with Defendants' insurance carrier plaintiff had commenced a civil action against Defendants. Allstate, as an unnamed defendant, filed an answer asserting a counterclaim for declaratory relief, citing the rejection of UIM coverage as a basis for its denial of coverage. Plaintiff subsequently filed a motion for summary judgment, asking that the court rule that she is entitled to judgment as a matter of law against unnamed defendant Allstate. In an order filed 29 September 2004, the trial court denied Plaintiff's motion, and, sua sponte, granted summary judgment in favor of Allstate.
In granting summary judgment for Allstate, the trial court concluded as a matter of law that: (1) "the two Selection/Rejection Forms utilized by Allstate in this matter were VALID;" (2) "the insureds' rejection of underinsured motorist coverage in the two Selection/Rejection forms was VALID;" and (3) "unnamed defendant Allstate has no obligation to provide underinsured motorist coverage to the plaintiff for any injuries, claims or damages arising out of the motor vehicle accident that is the subject of this litigation. . . ." From this order Plaintiff now appeals.
Plaintiff's sole assignment of error is that the trial court erred in granting summary judgment for unnamed defendant Allstate, in that Allstate's Selection/Rejection Forms were invalid, and thus Plaintiff's rejection of UIM was invalid.
Summary judgment is proper, when based on the pleadings and affidavits, there is "no genuine issue as to any material fact." N.C. Gen.Stat. § 1A-1, Rule 56(c) (2004); see, Lowe v. Murchison, 44 N.C.App. 488, 490, 261 S.E.2d 255, 256 (1980). Summary judgment may be rendered against a moving party when appropriate. N.C. Gen.Stat. § 1A-1, Rule 56(c) (2004); A-S-P Assocs. v. Raleigh, 298 N.C. 207, 212, 258 S.E.2d 444, 447 (1979). Summary judgment for a non-moving party is proper "when the evidence presented demonstrates that no material issues of fact are in dispute, and the non-movant is entitled to entry of judgment as a matter of law." A-S-P Assocs., 298 N.C. at 212, 258 S.E.2d at 447-48.
North Carolina General Statutes, section 20-279.21(b)(4) governs the rejection of UIM, and provides in relevant part:
The selection or rejection of underinsured motorist coverage by a named insured or the failure to select or reject is valid and binding on all insureds and vehicles under the policy.
Rejection of or selection of different coverage limits for underinsured motorist coverage for policies under the jurisdiction of the North Carolina Rate Bureau shall be made in writing by the named insured on a *304 form promulgated by the Bureau and approved by the Commissioner of Insurance.
N.C. Gen.Stat. § 20-279.21(b)(4) (2004). In regulating the rejection and selection of UIM, the North Carolina Rate Bureau created form NC 01 85 (Ed. 7-91), which is a Selection/Rejection Form for UIM which must be used by all insurance carriers in this State. This form was approved by the North Carolina Department of Insurance. When the Rate Bureau promulgated this form in 1991, it provided a circular letter to all member companies, and stated that the form's "language may not be changed or substantively amended, without prior approval, except that member companies may: 1. Add explanations of the uninsured and/or combined uninsured/underinsured motorists coverages;. . . ." North Carolina Rate Bureau, Circular Letter to All Member Companies, (Sept. 9, 1991).
Plaintiff argues that Allstate's Selection/Rejection Form deviates substantially from the required form, in that the form utilized by Allstate contains additional language at the top of the form, a solid line separating the additional language from the Rate Bureau Form, and the text of the Rate Bureau Form is reduced to a space of 7 by 5 inches and appears in a smaller font size. The text on the form promulgated by the Rate Bureau is in a space of 7 by 10 inches, and is printed in 12 point font. However, the lower portion of Allstate's Selection/Rejection Form includes the precise wording contained in the Rate Bureau's form in its entirety, while the upper portion contains a description of uninsured motorists coverage and the additional coverage received when adding combined uninsured/underinsured motorists coverage.
Our courts previously have adopted the requirement that the Rate Bureau's form be strictly adhered to in the selection or rejection of UIM. See State Farm Mut. Auto. Ins. Co. v. Fortin, 350 N.C. 264, 513 S.E.2d 782 (1999); Sanders v. American Spirit Ins. Co., 135 N.C.App. 178, 519 S.E.2d 323 (1999). In addition, we also previously have addressed the issue of forms that have been reduced in size or contain additional language. See Erie Ins. Exch. v. Miller, 160 N.C.App. 217, 584 S.E.2d 857 (2003) (rejecting a Selection/Rejection Form measuring 2 1/2 by 4 inches, with dramatically reduced font size); Blackburn v. State Farm Mut. Auto. Ins. Co., 141 N.C.App. 655, 540 S.E.2d 63 (2000) (upholding a Selection/Rejection form containing explanatory language), disc. review denied, 353 N.C. 369, 547 S.E.2d 409 (2001).
In Erie Insurance Exchange v. Miller, 160 N.C.App. 217, 584 S.E.2d 857 (2003), we held that Erie's Selection/Rejection Form was invalid when it was included in Erie's insurance application form as a separate section, measured only 2 1/2 by 4 inches, and the text was reduced to 5.5 point type. We held that Erie's form did not strictly adhere to the form promulgated by the State Bureau, and thus was not a valid rejection of UIM. Id. at 223, 584 S.E.2d at 861. Plaintiffs contend that Allstate's Selection/Rejection Form is substantially similar to that in Erie, and that it too should be found to be invalid. We disagree.
In Blackburn v. State Farm Mutual Automobile Insurance Co., 141 N.C.App. 655, 540 S.E.2d 63 (2000), disc. review denied, 353 N.C. 369, 547 S.E.2d 409 (2001), we upheld the validity of State Farm's Selection/Rejection Form when the only deviation from the Rate Bureau's form was the inclusion of additional language that explained uninsured and UIM coverage. There, we held that State Farm's additional language was in conformity with the guidelines set by the Rate Bureau and the Department of Insurance. Id. at 659, 540 S.E.2d 63, 547 S.E.2d at 65. The Selection/Rejection Form used by Allstate in the instant case is similar to that used in Blackburn.
Here, Allstate's Selection/Rejection Form uses the precise wording contained in the Rate Bureau's form in its entirety. The only deviation from the promulgated form is Allstate's inclusion of additional language which explains uninsured and UIM coverage. There is no change or substantive amendment to the text of the Rate Bureau's form. The text of the Rate Bureau's form is completely legible, and the parties both stated on appeal that the text appears to be in ten point type. In contrast to the reduced font *305 size of 5.5 in Erie, the reduction from twelve point to ten point type does not constitute such a significant reduction in font size as to impede the intent of the Rate Bureau and the Commission of Insurance to ensure that consumers make an informed decision on whether to select or reject UIM coverage. See Blackburn, 141 N.C.App. at 659, 540 S.E.2d at 65. The purpose of the statute itself is to ensure that innocent persons are compensated for injuries caused by underinsured motorists. See Williams v. Holsclaw, 128 N.C.App. 205, 211, 495 S.E.2d 166, 170, aff'd, 349 N.C. 225, 504 S.E.2d 784 (1998); Hartford Underwriters Ins. Co. v. Becks, 123 N.C.App. 489, 492, 473 S.E.2d 427, 429 (1996). We specifically decline to determine today, however, whether a further reduction in font size would frustrate the purpose of strict compliance with the Rate Bureau's form.
In addition, the form utilized by Allstate is not included as a smaller section of a larger form, and has not been reduced to a drastically small portion of the larger page. Therefore, its format does not conflict with Erie. Erie, 160 N.C.App. at 223, 584 S.E.2d at 861.
Therefore we hold the trial court's grant of summary judgment in favor of unnamed defendant Allstate was proper.
Affirmed.
Judges McGEE and McCULLOUGH concur.