NO. COA13-1099

NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

AMERICAN OIL COMPANY, INC.,
    Plaintiff,

    v.                                    Mecklenburg County
                                          No. 13 CVS 1056
AAN REAL ESTATE, LLC,
    Defendant.


    Appeal by plaintiff from order entered 20 June 2013 by
Judge Eric L. Levinson in Mecklenburg County Superior Court.
Heard in the Court of Appeals 3 February 2014.


    *Ferguson, Scarbrough, Hayes, Hawkins & DeMay, P.A., by
    James E. Scarbrough, for plaintiff.*

    *Erwin, Bishop, Capitano & Moss, P.A., by Fenton T. Erwin,
    Jr., for defendant.*


    ELMORE, Judge.


    Plaintiff appeals from an order entered 20 June 2013
granting defendant's motion to dismiss plaintiff's complaint for
failure to state a claim upon which relief can be granted
pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil
Procedure.  After careful consideration, we affirm the trial
court's order.

## I. Facts

AAN Real Estate, LLC (defendant) entered into a lease agreement (the lease) with American Oil Group (lessee) on 28 June 2012, whereby lessee agreed to lease the premises at 5320 and 5324 E. Independence Boulevard in Charlotte from defendant for use as a car wash and vehicle maintenance business. On 22 January 2013, American Oil Company, Inc. (plaintiff) filed a complaint alleging that defendant breached the lease terms by failing to "install the vehicle lifts until on or about December 1, 2012" in violation of the lease's "Lessor's Work" provision. Shortly thereafter, plaintiff filed an amended complaint on 14 February 2013 alleging more lease breaches. In addition to attaching a copy of the lease as "Exhibit A" in the amended complaint, plaintiff alleged that: 1.) its party name was "American Oil Company Inc.[;]" 2.) it was "a corporation organized and existing under the laws of the State of North Carolina with a place of business in Mecklenburg County, North Carolina[;]" and 3.) defendant was "a limited liability company organized and existing under the laws of the State of North Carolina with a place of business in Mecklenburg County, North Carolina." The amended complaint never referenced plaintiff's relationship to lessee. In response to the amended complaint, defendant filed a 12(b)(6) motion to dismiss for failure to

state a claim upon which relief can be granted. After a hearing in Mecklenburg County Superior Court, Judge Eric L. Levinson granted defendant's motion to dismiss in an order entered 20 June 2013. Plaintiff filed a timely notice of appeal on 18 July 2013 to this Court from Judge Levinson's order.

## II. Analysis

Plaintiff argues that the trial court erred in granting defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Specifically, plaintiff avers that its differing party name in the amended complaint and the lease was insufficient to dismiss the amended complaint. We disagree.

"The motion to dismiss under N.C.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion[,] the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4,

*aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). A dismissal pursuant to Rule 12(b)(6) is appropriate when an "insurmountable bar to recovery" exists on the face of the complaint. *Meadows v. Iredell County*, 187 N.C. App. 785, 787, 653 S.E.2d 925, 927 (2007) (citation and quotation omitted). A party that lacks standing to bring a claim constitutes an insurmountable bar to recovery, and a motion under Rule 12(b)(6) is the proper legal mechanism to seek dismissal of a complaint on such grounds. *Id*. Standing refers to "a party's right to have a court decide the merits of a dispute." *Teague v. Bayer AG*, 195 N.C. App. 18, 23, 671 S.E.2d 550, 554 (2009) (citation and quotation omitted). Without standing, the courts of this State lack subject matter jurisdiction to hear a party's claims. *Id*.

N.C. Gen. Stat. § 1-69.1(a)(1) states that

> [a]ll unincorporated associations, organizations or societies, or general or limited partnerships, foreign or domestic, whether organized for profit or not, may hereafter sue or be sued under the name by which they are commonly known and called, or under which they are doing business, to the same extent as any other legal entity established by law and without naming any of the individual members composing it.

N.C. Gen. Stat. § 1-69.1(a)(1) (2013). N.C. Gen. Stat. § 66-68 "requires that a business operating under an assumed name file a

certificate, stating the name of the business and name and address of the owner(s), in the office of the register of deeds of the county in which business is conducted." *Highlands Twp. Taxpayers Ass'n v. Highlands Twp. Taxpayers Ass'n, Inc.*, 62 N.C. App. 537, 538-39, 303 S.E.2d 234, 235 (1983). Aside from some narrow exceptions inapplicable to this case, an unincorporated entity that seeks to bring suit must "allege the specific location of the [certificate's] recordation" in its complaint. N.C. Gen. Stat. § 1-69.1(a)(3) (2013); *see Highlands Twp. Taxpayers Ass'n*, 62 N.C. App. at 539, 303 S.E.2d at 236 ("The statutory language of G.S. 1-69.1 is very clear and specific, i.e., any unincorporated association desiring to commence litigation in its commonly held name *must* allege the location of the recordation required by G.S. 66-68."). The failure of an unincorporated entity to meet this statutory requirement will defeat its complaint. *Daniel v. Wray*, 158 N.C. App. 161, 166, 580 S.E.2d 711, 715 (2003).

In addition to the statutory requirements an unincorporated entity must meet in order to bring a lawsuit, the entity must be "[a] real party in interest[.]" *Woolard v. Davenport*, 166 N.C. App. 129, 135, 601 S.E.2d 319, 323 (2004) (citation and quotation omitted). "[O]ur Supreme Court has stated that for

purposes of reviewing a 12(b)(6) motion made on the grounds that the plaintiff lacked standing, a real party in interest is a party who is benefited or injured by the judgment in the case." *Id.* (citation and quotation omitted). In order for a breach of contract claim to withstand a 12(b)(6) motion based on a lack of standing, the plaintiff's allegations must "either show it was in privity of contract, or it is a direct beneficiary of the contract." *Lee Cycle Center*, *Inc. v. Wilson Cycle Center*, *Inc.*, 143 N.C. App. 1, 8, 545 S.E.2d 745, 750 (2001). Privity is "a [d]erivative interest founded on, or growing out of, contract, connection, or bond of union between parties; mutuality of interest." *Id.* at 8-9, 545 S.E.2d at 750 (citation and quotation omitted). The law implies privity "[i]f a plaintiff is an intended beneficiary to a contract[.]" *Id.* at 9, 545 S.E. 2d at 750 (citation omitted).

We first note that upon defendant's motion in the case at bar, we take judicial notice that "American Oil Company, Inc." is neither a corporation existing within this state currently nor at the time the amended complaint was filed. Thus, as an unincorporated entity, plaintiff was required to allege the location of its certificate recordation in its amended complaint pursuant to N.C. Gen. Stat. § 1-69.1(a)(3). The amended

complaint did not comply with this statutory requirement and provided no indication of plaintiff's commonly held name.

Notwithstanding the mandates of N.C. Gen. Stat. § 1-69.1(a)(3), the amended complaint also fails because plaintiff did not show that it was in privity of contract with lessee or a beneficiary of any kind to the lease. The name of the lessee, American Oil Group, is different than the name of plaintiff, American Oil Company, Inc., and no alleged facts in the amended complaint link the two parties. Accordingly, the amended complaint did not sufficiently show that plaintiff suffered an injury as a result of the alleged lease breach by defendant. Since plaintiff's amended complaint failed to show that it 1.) met the requirements of N.C. Gen. Stat. § 1-69.1 and 2.) was in privity of contract or a beneficiary of the lease, plaintiff lacked standing to bring suit, and the trial court's dismissal of the amended complaint was without error.

### III. Conclusion

The trial court did not err in granting defendant's motion to dismiss pursuant to Rule 12(b)(6) because plaintiff lacked standing to bring suit. Thus, we affirm the trial court's order.

Affirmed.

Chief Judge MARTIN and Judge HUNTER, Robert N., concur.