W. J. HOLLOWELL v. NORFOLK & SOUTHERN RAILWAY COMPANY.

(Filed 14 September, 1910.)

1. Corporations — Federal Receivers—Permission to Sue—Submission to State's Jurisdiction.

In an action for damages against a railroad in the hands of Federal receivers, an objection to the introduction in evidence of an order of the Federal judge permitting the plaintiff to sue, because the order was not properly certified or sealed by the clerk of that court, becomes immaterial when it appears from the complaint and answer that both the railroad and its receivers had submitted to the jurisdiction of the court respecting the matters involved by filing a joint answer to the merits of the action.

2. Corporations—Receivers—Joinder—Parties.

It is proper to unite a corporation and its receivers as parties defendant in an action in tort to recover damages against the former in the receivers' hands, though the tort complained of arose before the appointment of the receivers. The effect of priority that a judgment thus obtained will be given in the Federal court, not passed upon.

3. Appeal and Error—Appellant—Burden of Proof—Trial Courts—Rulings.

The appellant must show error on appeal in respect to the rulings of the trial judge upon the evidence, and in the failure of the record to disclose the evidence relied on, the ruling of the lower court will be affirmed.

APPEAL from *Ferguson, J.,* at the Spring Term, 1910, of CHOWAN.

The plaintiff complained that his horse was injured by a defective crossing of the defendant railway's roadbed, negligently

constructed and maintained by the defendant. The jury so found and assessed plaintiff's damages at $102. The defendant appealed.

*Ward & Grimes* for plaintiff.
*Pruden & Pruden* and *Brown Shepherd* for defendant.

MANNING, J. The defendants are the railway company and its receivers. It was admitted that plaintiff's cause of action arose prior to the appointment of the receivers by the Federal court. The plaintiff filed a single complaint against the railway company and its receivers, and a joint answer was filed by the defendant, admitting the appointment of the receivers, but denying the alleged acts of negligence and the damages sustained thereby. There was no plea that the defendant receivers were not liable because the injury complained of was not received while the receivers were operating the railroad under appointment of the Federal court, and that the corporation was not suable in the State courts, because such actions against the corporation had been enjoined by the Federal court. After offering evidence tending to show the negligence complained of and the date of the injury, and the damages sustained by plaintiff, the plaintiff offered in evidence an order of Judge Purnell, judge of the Federal court, permitting the plaintiff, upon his petition therefor, to sue the railway company. The defendant objected to the introduction of this order, upon the ground that the order was not certified by the clerk of the Federal court, nor was the seal of the court attached thereto. We do not think the evidence material and that its reception by the court constituted reversible error. The complaint alleged that the defendant corporation was operating a railroad in the State, and that its business and property had been placed under the management and control of the other defendants as receivers appointed by the Federal court. The answer, filed jointly by all the defendants, admitted the truth of these allegations. It became, therefore, unnecessary to offer evidence of a preliminary jurisdictional fact admitted in the pleadings. The defendant railway company had, by its answer to the merits, without raising any jurisdictional question,

submitted itself and its defense on the merits to the jurisdiction of the court. The court having jurisdiction of the parties and the cause of action, it remained only to hear and determine the cause upon the merits.

This Court held in *Kissinger v. Fitzgerald,* 152 N. C., 247, that under the provisions of sec. 1224, Revisal, the receivers were properly named as defendants to an action instituted upon a cause of action arising prior to their appointment, because the action against the receivers was, in effect, an action against the insolvent corporation. *Grady v. R. R.,* 116 N. C., 952; *Farris v. Receivers, R. & D. R. R.,* 115 N. C., 600. In the *Kissinger case, supra,* this Court said: "We think the failure to formally name the company in the summons is not of the substance, and should be cured now by amendment, even if required." In the present action, however, the corporation was formally named as a defendant, as well as the receivers. It follows from these authorities that it was proper to sue the receivers alone or to join as defendants the corporation and the receivers, though the cause of action arose prior to the appointment of the receivers. What effect or what priority of payment the Federal court will give to the judgment in plaintiff's favor, in administering the assets of the insolvent corporation, is not before us, and we refrain from expressing or intimating any opinion thereon. The defendants object to his Honor's charge to the jury "that if they believed the evidence in this cause, they should answer the first issue, Yes." The evidence offered by the plaintiff upon the first issue is not sent up. In the statement of the case it is stated that on the trial there was evidence tending to show the facts necessary to support a finding for the plaintiff and that the defendants offered no evidence. In *State v. R. R.,* 149 N. C., 508, this Court has so recently considered the question presented by this exception, that we deem it now only necessary to refer to that decision and to say that the defendants, being appellants, the burden is upon them to convince us that there was error in the ruling of his Honor excepted to. Upon the facts appearing in the record, we cannot hold that the charge of his Honor constitutes reversible error. We cannot see that a contrary inference was permissible from the evidence.

We have examined the other exceptions taken by the defendants, and we do not think they can be sustained. Finding no error, the judgment is affirmed.

No error.