Elmore's Feed & Seed, Inc. v. Patrick

---

ELMORE'S FEED AND SEED, INC., PLAINTIFF AND THIRD-PARTY PLAINTIFF v. EDDIE PATRICK, DEFENDANT v. RALSTON PURINA COMPANY, THIRD-PARTY DEFENDANT

No. 8227SC604

(Filed 21 June 1983)

1. **Rules of Civil Procedure § 56— granting of summary judgment—pending motion to compel discovery**

   It was not error for the trial judge to rule on summary judgment motions even though a motion to compel discovery was pending since (1) the defendant was dilatory in discovery, (2) the defendant had not shown that further discovery would lead to the production of relevant evidence, and (3) the defendant's counsel admitted at the summary judgment hearing that everything necessary for the court to find on the motion was present. G.S. 1A-1, Rule 56(f).

2. **Animals § 1; Negligence § 29.1— change in cattle feed—negligence in not informing**

   The trial court improperly granted plaintiff's and third party defendant's motions for summary judgment since there was a genuine issue of material

fact on whether the plaintiff was negligent in not informing the defendant of change in cattle feed since there was evidence which linked defendant's damage in lower milk production and death of some of his cows to a change in the feed mixture.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 8 February 1982 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 20 April 1983.

The plaintiff brought this action to recover for unpaid cow feed that it sold to the defendant from December, 1976 to June, 1977. The defendant answered and counterclaimed for damages.

He alleged that the plaintiff was negligent in failing to warn him of a change in the dairy feed formulation being purchased by the defendant from the plaintiff. According to the counterclaim, the milk production of the defendant's herd dropped and some of his cows died. The defendant also sought punitive damages and treble damages for unfair and deceptive trade practices.

The plaintiff denied liability in its reply to the defendant's counterclaim. Ralston Purina was joined as a third-party defendant because of its possible liability for all or part of the defendant's counterclaim against the plaintiff.

When the defendant bought a herd of cows in late 1976, he told Bob Elmore, the plaintiff's owner, that he wanted the cows to stay on the same Purina feed that they had been eating. It was Milk Special 20 "B", a soybean-based feed sold by the third-party defendant. Although the defendant did not know it, all of the Milk Special 20 "B" feed produced at the third-party defendant's Charlotte plant from 26 April through June 1977 contained cottonseed as a protein ingredient.

The defendant was not notified that the protein base of the feed had changed from soybean to cottonseed, even though the plaintiff knew that a sudden change in feed could cause problems to dairy cows. The plaintiff never gave the defendant an ingredient ticket even though he asked for one on a number of occasions.

The defendant's cows first became sick around the last of April or the first of May, 1977. Some of them died in May and June. Several days after 3 June 1977, veterinarian John Daven-

port told the defendant to find out if there had been any change in the feed ingredients. Bob Elmore denied any changes in the feed.

Dr. Davenport indicated that a change in the protein base in the feed could have caused the problems. He stated that signs of illness from such a change would have occurred no later than one week after the cows first ate the feed. Davenport termed a link between the change in feed and the problems in the defendant's cows "a calculated guess on my part." A neighboring dairy, who bought the same feed from the plaintiff as the defendant, had problems at the same time as the defendant.

When the defendant began purchasing soybean-based feed from FCX on 11 June 1977, the milk production of the herd began improving.

After the plaintiff answered the defendant's interrogatories and depositions were taken, a hearing was held on 8 February 1982 to decide pending summary judgment motions. The trial judge granted the summary judgment motions of the plaintiff and the third-party defendant prior to hearing the defendant's motion to compel discovery. From these rulings, the defendant appealed.

*Lamb and Bridges, by William E. Lamb, Jr., for the defendant-appellant.*

*Horn, West & Horn, by C. A. Horn, for the plaintiff and third-party plaintiff-appellee.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William L. Rikard, Jr. and Sheldon Love Sturges, for the third-party defendant-appellee.*

ARNOLD, Judge.

[1] Before we decide if the summary judgment motions were properly granted here, we first answer the defendant's contention that summary judgment cannot be granted while his motion to compel discovery was pending. G.S. 1A-1, Rule 56 does not address this question.

The general rule for this situation was stated in *Conover v. Newton*, 297 N.C. 506, 256 S.E. 2d 216 (1979).

> Ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so.

297 N.C. at 512, 256 S.E. 2d at 220. Although the defendant's motion to compel discovery was pending when summary judgment was decided against him, it was not error for the trial judge to rule on the Rule 56 motions.

First, the defendant was dilatory in discovery. Although the plaintiff answered his interrogatories on 7 October 1981, the plaintiff did not move to compel discovery until 12 December 1981. His motion asked for answers to only 12 of the 100 interrogatory questions.

Second, the defendant has not shown that further discovery would lead to the production of relevant evidence. He knew of the plaintiff's prima facie case since the 13 August 1981 deposition of Bob Elmore, but failed to allege that he was unable to obtain essential facts so as to justify more discovery as provided in G.S. 1A-1, Rule 56(f).

In addition, the defendant's counsel admitted at the summary judgment hearing that "everything is present, Your Honor, which would require this Court to find that there is in fact a genuine dispute of varied material facts so that the summary judgment motion should not apply." This is an admission that no further discovery was needed.

[2] Although we find that it was proper for the trial judge to reach the summary judgment question, it was error for him to grant the motions of the plaintiff and third-party defendant. There was a "genuine issue of material fact" on whether the plaintiff was negligent in not informing the defendant of the change in the feed.

Summary judgment under G.S. 1A-1, Rule 56(c) is proper when there is "no genuine issue as to any material fact...." It is a "drastic remedy ... [that] must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180

S.E. 2d 823, 830 (1971). This remedy "does not authorize the court to *decide* an issue of fact. It authorizes the court to determine whether a genuine issue of fact exists." *Vassey v. Burch,* 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980) (emphasis in original). Summary judgment should be denied "[i]f different material conclusions can be drawn from the evidence." *Spector Credit Union v. Smith,* 45 N.C. App. 432, 437, 263 S.E. 2d 319, 322 (1980).

In *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897, *reh'g denied,* 281 N.C. 516, --- S.E. 2d --- (1972), the court defined two terms that are determinative on a summary judgment question.

> An issue is *material* if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. The issue is denominated *"genuine"* if it may be maintained by substantial evidence.

280 N.C. at 518, 186 S.E. 2d at 901 (emphasis added). In addition to no issue of fact being present, to grant summary judgment a court must find "that on the undisputed aspects of the opposing evidential forecasts the party given judgment is entitled to it as a matter of law." 2 McIntosh, N.C. Practice and Procedure, § 1660.5 (2d ed., Phillips Supp. 1970). *See also,* W. Shuford, N.C. Civil Practice and Procedure § 56-7 (2d ed. 1981).

It is an accepted tenet of our jurisprudence that summary judgment is rarely proper in negligence cases like the defendant's counterclaim in this case. "Even where there is no dispute as to the essential facts, where reasonable people could differ with respect to whether a party acted with reasonable care, it ordinarily remains the province of the jury to apply the reasonable person standard." *Moore v. Crumpton,* 306 N.C. 618, 624, 295 S.E. 2d 436, 441 (1982).

Our examination of the facts here leads us to conclude that summary judgment was improper. There is evidence in this case to link the defendant's damage to a change in the feed mixture.

The defendant's herd began to develop sickness in late April or early May, 1977. This was about the same time that cottonseed was added to the feed mixture. The defendant stated that his

cows improved after they went off of the plaintiff's feed. Other dairy farmers who used the same feed had similar problems. Dr. Davenport made a "calculated guess" that the change in feed ingredients caused the illness.

The plaintiff uses Davenport's statement that illness from a feed change would have occurred "no later than one week after the cows first ate that feed" to argue that any feed change was not the problem. We disagree.

H. B. Turner, the production manager for Ralston Purina's Charlotte plant, stated in an affidavit that cottonseed was included in all Milk Special 20 "B" feed produced at that plant from 26 April through June, 1977. The plaintiff got feed from Purina's Charlotte plant and delivered it to the defendant during the April-June, 1977 period. The defendant stated that the problems with his herd began in late April or early May, 1977. This is a sufficient showing of causation to survive a summary judgment motion.

Because we find that there is a genuine issue of material fact in this case, we reverse the entry of summary judgment for the plaintiff and the third-party defendant and remand for a trial.

Reversed.

Chief Judge VAUGHN and Judge HEDRICK concur.