WILLIAM RANDALL STOTT, Plaintiff v. NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant

No. COA06-1117

(Filed 1 May 2007)

**1. Insurance— binding arbitration—claim fully settled**

The trial court did not err by granting summary judgment for defendant-insurer on a breach of contract claim arising from a car accident where the claim was fully settled by binding arbitration.

**2. Appeal and Error— preservation of issues—unfair trade practices—insurance—Chapter 75 not discussed**

The Court of Appeals dismissed an assignment of error concerning a summary judgment granted for an insurer on an unfair or deceptive trade practices claim after an automobile accident. Plaintiff did not cite Chapter 75 in his brief or present any argu-

ment showing that the trial court erred in ruling on its Chapter 75 claim; discussion of Chapter 58 was not sufficient.

**3. Civil Procedure— summary judgment—motion to compel discovery pending—no error**

The trial court did not abuse its discretion by granting summary judgment while plaintiff's motion to compel discovery was still pending. The court granted defendant's summary judgment motion and denied plaintiff's motion to compel in the same order. Plaintiff failed to show that further discovery would lead to the production of relevant evidence and did not show that the court's order was not the result of a reasoned decision.

**4. Appeal and Error— citations of authority—required in body of argument**

An assignment of error concerning the trial court's failure to rule on a motion to compel was abandoned through the failure to cite supporting authority. Plaintiff restated and incorporated by reference "the arguments made above," but the appellate rules require citations of authority within the body of the argument.

Appeal by plaintiff from order entered 15 May 2006 by Judge Kenneth C. Titus in Wake County Superior Court. Heard in the Court of Appeals 21 March 2007.

*E. Gregory Stott, for plaintiff-appellant.*

*Larcade, Heiskell & Askew, PLLC, by Margaret P. Eagles and Christopher N. Heiskell, for defendant-appellee.*

TYSON, Judge.

William Randall Stott ("plaintiff") appeals from order entered granting summary judgment in favor of Nationwide Mutual Insurance Company ("defendant"). We affirm.

## I. Background

On 6 July 2002, plaintiff was a passenger in a vehicle driven by Leslie Diane Rodda ("Rodda"). Defendant insured the vehicle Rodda was driving. Rodda's vehicle began to turn left into a private driveway. Richard Murry Roberts ("Roberts") was driving a vehicle traveling behind Rodda and plaintiff. Roberts failed to stop his vehicle and struck Rodda's vehicle in the rear.

Plaintiff sustained injuries as a result of the accident. Plaintiff gave notice of the loss to defendant. Defendant does not contest plaintiff was covered under Rodda's insurance policy. Plaintiff claimed $1,925.19 in medical reimbursement for his injuries. Defendant paid plaintiff the amount he demanded in full.

Several months later, plaintiff filed a claim for additional medical expense reimbursement for his injuries. Defendant denied plaintiff's second claim.

On 27 January 2005, plaintiff filed a complaint against defendant for breach of contract and unfair and deceptive practices. On 4 April 2005, defendant answered and moved to compel arbitration. On 18 April 2005, plaintiff served a request for production of documents on defendant. On 31 May 2005, plaintiff filed a motion to compel defendant to respond to his request for production of documents. On 1 August 2005, plaintiff filed a motion for leave to amend his complaint to add a third cause of action for exemplary damages.

On 5 August 2005, the trial court heard defendant's motion to compel arbitration and plaintiff's motion to compel discovery. The trial court denied plaintiff's motion to compel discovery and allowed defendant's motion to compel arbitration. The trial court stayed further proceedings until the arbitration award was entered. The trial court ordered defendant to respond to plaintiff's discovery requests within thirty days after filing the arbitration award.

On 22 December 2005, plaintiff and defendant arbitrated the claims. Plaintiff submitted affidavits from two of his medical providers and copies of his medical bills. Defendant offered no evidence. On 3 January 2006, the arbitrators awarded plaintiff $2,028.00, the total amount of monetary damages he had demanded. Defendant paid the arbitration award and filed its response to plaintiff's discovery request on 2 February 2006.

On 6 February 2006, plaintiff filed motions to compel production of documents and to compel answers to interrogatories. Plaintiff alleged defendant objected to his request for all documents and failed to provide verified answers to all interrogatories, failed to provide complete answers to interrogatory numbered 5, and objected to ten interrogatories.

On 14 March 2006, defendant filed a motion for summary judgment. On 5 May 2006, the trial court entered an order allowing plaintiff to amend his complaint to include a claim for exemplary damages

**STOTT v. NATIONWIDE MUT. INS. CO.**

[183 N.C. App. 46 (2007)]

and ordered defendant file an answer within thirty days. On 15 May 2006, the trial court entered summary judgment in favor of defendant on all issues and denied plaintiff's motion to compel. Plaintiff appeals.

## II. Issues

Plaintiff argues the trial court erred by: (1) granting defendant's motion for summary judgment; (2) granting defendant's motion for summary judgment before defendant responded to his discovery request; and (3) failing to rule on plaintiff's motion to compel before the trial court granted defendant's motion for summary judgment.

## III. Summary Judgment and Motion to Compel

Plaintiff argues defendant's motion for summary judgment on his claims for breach of contract and unfair and deceptive practices should have been denied. We disagree.

### A. Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial. To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment.

*Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003) (internal citations and quotations omitted), *aff'd per curiam*, 358 N.C. 131, 591 S.E.2d 521 (2004). We review an order allowing summary judgment *de novo. Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).

"Whether or not the party's motion to compel discovery should be granted or denied is within the trial court's sound discretion and will not be reversed absent an abuse of discretion." *Wagoner v. Elkin City Schools' Bd. of Education*, 113 N.C. App. 579, 585, 440 S.E.2d 119, 123, *disc. rev. denied*, 336 N.C. 615, 447 S.E.2d 414 (1994). A trial court's actions constitute an abuse of discretion "upon a showing that a court's actions 'are manifestly unsupported by reason'" and "'so arbitrary that [they] could not have been the result of a reasoned decision.'" *State v. T.D.R.*, 347 N.C. 489, 503, 495 S.E.2d 700, 708 (1998) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 832 (1985)).

### B. Breach of Contract

[1] Plaintiff contends the trial court erred when it granted summary judgment in favor of defendant on his breach of contract claim.

The appellant bears the burden to show error in the trial court's ruling on appeal and how such alleged error prejudiced the appellant. *Hollowell v. R.R.*, 153 N.C. 19, 21, 68 S.E. 894, 895 (1910). If the record on appeal fails to disclose the evidence relied on by the plaintiff to show error, the ruling of the lower court will be affirmed. *Id.*

> For a breach of contract claim, a plaintiff must show a valid contract existed, and a breach of its terms . . . . When examining whether an insurance policy is breached, we begin with the well-settled principle that an insurance policy is a contract and its provisions govern the rights and duties of the parties thereto. The insured party has the burden of bringing itself within the insuring language of the policy.

*Nelson v. Hartford Underwriters Ins. Co.*, 177 N.C. App. 595, 606, 630 S.E.2d 221, 229 (2006) (quotations and citations omitted).

The insurance contract contains the following arbitration clause:

> *The amount due under this coverage shall be decided by agreement between the insured and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the insured or us.* Each party shall select a competent

**STOTT v. NATIONWIDE MUT. INS. CO.**

[183 N.C. App. 46 (2007)]

and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the insured, and any assignee of the insured and any person or organization with whom the insured expressly or impliedly contracts for the rendition of medical services. *The arbitrators' decision shall be limited to whether or not the medical expenses were reasonable and the services were necessary, with the amount due being equal only to the reasonable expenses for necessary services.* The arbitrators shall not award punitive damages or other noncompensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the insured resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

(Emphasis supplied). On 22 December 2005, the parties arbitrated plaintiff's additional claim for medical expenses. Plaintiff offered affidavits from two of his medical providers and copies of his medical bills. The arbitrator awarded plaintiff the total amount of his $2,028.00 claim.

Only awards reflecting mathematical errors, errors relating to form, and errors resulting from arbitrators['] exceeding their authority shall be modified or corrected by the reviewing courts. . . . If an arbitrator makes a mistake, either as to law or fact [unless it is an evident mistake in the description of any person, thing or property referred to in the award . . . it is the misfortune of the party. . . . *There is no right of appeal and the Court has no power to revise the decisions of "judges who are of the parties' own choosing." An award is intended to settle the matter in controversy, and thus save the expense of litigation.* If a mistake be a sufficient ground for setting aside an award, it opens the door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus . . . arbitration instead of ending would tend to increase litigation.

*Cyclone Roofing Co. v. La Fave Co.*, 312 N.C. 224, 236, 321 S.E.2d 872, 880 (1984) (emphasis supplied). Plaintiff cannot appeal the binding arbitration award, nor has he asserted any permitted judicial review of the award. Plaintiff's breach of contract claim was fully arbitrated to entry of the award. Plaintiff has failed to show any genuine issue of material fact exists in his breach of contract claim that was not fully settled by entry of the award. The trial court did not err in granting summary judgment in favor of defendant on plaintiff's breach of contract claim. This assignment of error is overruled.

### C.  Unfair and Deceptive Practices Claim

**[2]** Plaintiff contends the trial court erred when it granted summary judgment in favor of defendant on his unfair and deceptive practices claims under N.C. Gen. Stat. § 58-63-10 and § 58-63-15. We dismiss plaintiff's assignment of error.

"Trade practices in the insurance business are regulated by Chapter 58, Article 63 of the North Carolina General Statutes." *Nelson*, 177 N.C. App. at 608, 630 S.E.2d at 230. "Unfair and deceptive trade practices are prohibited generally, N.C.G.S. § 58-63-10 (2005), and unfair and deceptive claim settlement practices are prohibited specifically, N.C.G.S. § 58-63-15(11) (2005)." *Id.*

N.C. Gen. Stat. § 58-63-10 (2005) states:

No person shall engage in this State in any trade practice which is defined in this Article as or determined pursuant to this Article to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

N.C. Gen. Stat. § 58-63-15(11) (2005) states, in pertinent part:

Committing or performing with such frequency as to indicate a general business practice of any of the following: Provided, however, that no violation of this subsection shall of itself create any cause of action in favor of any person other than the Commissioner:

. . . .

d.  Refusing to pay claims without conducting a reasonable investigation based upon all available information;

. . . .

STOTT v. NATIONWIDE MUT. INS. CO.

[183 N.C. App. 46 (2007)]

f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g. Compelling [the] insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured[.]

"Although N.C.G.S. § 58-63-15(11) states 'no violation of this subsection shall of itself create any cause of action in favor of any person,' a plaintiff's remedy for violation of the unfair claim settlement practices statute is the filing of a claim pursuant to N.C.G.S. § 75-1.1, the unfair or deceptive practices statute." *Nelson*, 177 N.C. App. at 608, 630 S.E.2d at 231 (quoting *Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 71, 529 S.E.2d 676, 683 (2000)). "A violation of G.S. § 58-63-15 constitutes an unfair and deceptive trade practice in violation of G.S. § 75-1.1 as a matter of law." *Miller v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 295, 302, 435 S.E.2d 537, 542 (1993), *disc. rev. denied*, 335 N.C. 770, 442 S.E.2d 519 (1994).

To establish a violation of N.C. Gen. Stat. § 75-1.1, the plaintiff "must show: (1) an unfair and or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Nelson*, 177 N.C. App. at 609, 630 S.E.2d at 231. "The question of what constitutes an unfair or deceptive trade practice is an issue of law." *Id.* (citing *Eastover Ridge, L.L.C. v. Metric Constructors, Inc.*, 139 N.C. App. 360, 363, 533 S.E.2d 827, 830, *disc. rev. denied*, 353 N.C. 262, 546 S.E.2d 93 (2000)).

"If the material facts are not disputed, the court should determine whether the defendant's conduct constituted an unfair or deceptive trade practice." *Id.*; *see Robinson v. N.C. Farm Bureau Ins. Co.*, 86 N.C. App. 44, 356 S.E.2d 392 (1987) (where the plaintiff forecasts evidence that insurance company's delay in payment has no good faith basis in fact and it accompanied by aggravated conduct, the claimant is entitled to take his case of punitive damages to the jury), *cert. denied*, 321 N.C. 592, 364 S.E.2d 140 (1988).

Plaintiff failed to assign error or to argue on appeal the trial court erred in granting summary judgment on his Chapter 75 unfair and deceptive practices claim. "[P]laintiff's remedy for violation of [Chapter 58] is the filing of a claim pursuant to N.C.G.S. § 75-1.1, the unfair or deceptive practices statute." *Nelson*, 177 N.C. App. at 608,

630 S.E.2d at 231. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6) (2006). "Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned." *State v. Angel*, 330 N.C. 85, 90-91, 408 S.E.2d 724, 728 (1991).

A plaintiff bears the burden of proof on a claim of unfair and deceptive practice. *Strickland v. Lawrence*, 176 N.C. App. 656, 665, 627 S.E.2d 301, 307, *disc. rev. denied*, 360 N.C. 544, 633 S.E.2d 472 (2006). On summary judgment, the non-moving party cannot rest upon the pleadings, and must set forth specific facts showing that there is a genuine issue for trial. *Lowe v. Bradford*, 305 N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982). "The [non-moving] party need not convince the court that he would prevail on a triable issue of material fact but only that the issue exists." *Id.* at 370, 289 S.E.2d at 366.

Plaintiff failed to cite Chapter 75 in his brief or to present any argument showing the trial court erred in ruling on his Chapter 75 claim. Plaintiff's discussion of Chapter 58 is insufficient to satisfy preservation of his Chapter 75 claim. N.C. Gen. Stat. § 58-63-15(11) ("[N]o violation of this subsection shall of itself create any cause of action in favor of any person other than the Commissioner[.]"); *Nelson*, 177 N.C. App. at 608, 630 S.E.2d at 231 (["P]laintiff's remedy for violation of [Chapter 58] is the filing of a claim pursuant to N.C.G.S. § 75-1.1, the unfair or deceptive practices statute."). This assignment of error is dismissed.

## IV. Discovery Request

[3] Plaintiff argues the trial court erred when it granted defendant's motion for summary judgment before defendant had fully responded to plaintiff's discovery requests.

"Ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so." *Conover v. Newton*, 297 N.C. 506, 512, 256 S.E.2d 216, 220 (1979) (defendant partially answered plaintiff's interrogatories and plaintiff obtained additional elicited information through cross-examination).

However, "[a] trial court is not barred in every case from granting summary judgment before discovery is completed . . . . Further, the decision to grant or deny a continuance [to complete discovery] is solely within the discretion of the trial judge and will be reversed only when there is a manifest abuse of discretion." *N.C. Council of Churches v. State of North Carolina*, 120 N.C. App. 84, 92, 461 S.E.2d 354, 360 (1995), *aff'd per curiam*, 343 N.C. 117, 468 S.E.2d 58 (1996); *see Dobson v. Harris*, 134 N.C. App. 573, 521 S.E.2d 710 (1999) (plaintiff substantially delayed serving interrogatories upon defendant), *rev'd on other grounds*, 352 N.C. 77, 530 S.E.2d 829 (2000).

In *Elmore's Feed & Seed, Inc. v. Patrick*, 62 N.C. App. 715, 718, 303 S.E.2d 394, 396 (1983), this Court found no error in the trial court's grant of summary judgment when the defendant's motions to compel discovery were pending. The trial court found: (1) the defendant was dilatory in discovery; (2) the defendant failed to show further discovery would lead to the production of relevant evidence; and (3) the defendant admitted at the summary judgment hearing that "everything is present, Your Honor, which would require this Court to find that there is in fact a genuine dispute of varied material facts so that the summary judgment motion should not apply." *Id.*

On 27 January 2005, plaintiff filed a complaint against defendant for breach of contract and unfair and deceptive practices. On 18 April 2005, plaintiff served a request for production of documents on defendant. On 31 May 2005, plaintiff filed a motion to compel discovery for his request for production of documents. On 5 August 2005, the trial court ordered defendant to respond to plaintiff's discovery requests within thirty days after the arbitration award was entered.

On 2 February 2006, defendant responded to plaintiff's discovery requests. Defendant answered or objected to all twenty interrogatories. Defendant objected to all ten requests for production of documents.

On 6 February 2006, plaintiff filed a motion to compel production of documents and a motion to compel defendant to answer plaintiff's interrogatories. On 15 May 2006, the trial court granted defendant's motion for summary judgment and denied plaintiff's motion to compel.

Plaintiff failed to show further discovery would lead to the production of relevant evidence. No evidence exists in the record to sug-

gest defendant did not comply with the trial court's order compelling defendant to answer plaintiff's discovery request within thirty days after entry of the arbitration award. The trial court granted defendant's summary judgment motion and denied plaintiff's motion to compel in the same order. Plaintiff has failed to show the trial court abused its discretion and its order was not the result of a reasoned decision. This assignment of error is overruled.

## V. Motion to Compel

**[4]** Plaintiff argues the trial court erred when failed to rule on plaintiff's motion to compel. Plaintiff failed to cite any authority supporting his argument and "restate[d] and incorporate[d] herein by reference the arguments made . . . above [and] articulated." Plaintiff failed to cite any legal authority in any section of his brief to support his argument that the trial court erred in denying his motion to compel.

"The body of the argument shall contain citations of the authorities upon which the appellant relies." N.C.R. App. P. 28(b)(6) (2007); *see Animal Legal Def. Fund v. Woodley*, 181 N.C. App. 594, 597, 640 S.E.2d 777, 779 (2007) ("[W]e will not review [appellants]'s unargued assignments of error."). This assignment of error is abandoned and dismissed.

## VI. Conclusion

The trial court did not err when it granted defendant's motion for summary judgment on plaintiff's claims for breach of contract and unfair and deceptive practices. Plaintiff was awarded the full amount of medical reimbursement he requested during binding arbitration. Plaintiff failed to show any genuine issue of material fact for his breach of contract. The record on appeal does not contain any proffer or forecast of evidence demonstrating specific facts to establish a *prima facie* case. *Draughon*, 158 N.C. App. at 212, 580 S.E.2d at 735.

Plaintiff failed to assign error or argue on appeal the trial court erred in granting summary judgment on his Chapter 75 claim. Plaintiff's assignment of error on his Chapter 75 claim is dismissed.

Plaintiff failed to show or raise any argument that the trial court abused its discretion when it denied his motion to compel. This assignment of error is abandoned and dismissed. The trial court did not abuse its discretion when it denied plaintiff's motion to compel in the same order which allowed summary judgment to defendant. The trial court's order is affirmed.

Affirmed.

Judges HUNTER and JACKSON concur.