DAVIS, Judge.
Le Rmah appeals from the orders of the trial court dismissing his claims for breach of contract, unfair and deceptive trade practices, and breach of settlement agreement. After a thorough review of the record and applicable law, we affirm in part and reverse in part.
Factual and Procedural Background
We have summarized the pertinent facts below using Rmah's own statements from his complaint, which we treat as true in reviewing a trial court's order granting a motion to dismiss. See, e.g. , Stein v. Asheville City Bd. of Educ. , 360 N.C. 321, 325, 626 S.E.2d 263, 266 (2006) ("When reviewing a complaint dismissed under Rule 12(b)(6), we treat a plaintiff's factual allegations as true."). In our consideration of an order granting a Rule 12 motion, we may also examine the exhibits attached to the complaint. See Terrell v. Lawyers Mut. Liab. Ins. Co. , 131 N.C. App. 655, 660, 507 S.E.2d 923, 926 ("When ruling on a motion for judgment on the pleadings, the trial court is to consider only the pleadings and any attached exhibits, which become part of the pleadings." (citation and quotation marks omitted)).
On 13 November 2015, Rmah was driving his 2002 Honda Odyssey in a gas station parking lot in Wake County when Maureen Mihans backed her vehicle into the side of Rmah's vehicle. Mihans was covered under a personal automobile insurance policy issued by USAA Casualty Insurance Company ("USAA CIC").
Rmah was subsequently contacted by Sean Wilson, an adjuster and agent of USAA CIC. Wilson and Rmah entered into an oral settlement agreement under which they agreed that USAA CIC would pay Rmah's property damage claim resulting from the accident in the amount of $ 2,400 and that Rmah would retain possession and ownership of the damaged Odyssey.
Wilson sent a letter to Rmah dated 9 December 2015, which stated, in pertinent part, as follows:
Reference: Required forms for your total loss claim
....
Your vehicle ... is a total loss.... So that we can process this total loss claim and issue payment promptly, please:
• Review the attached Total Loss Checklist and follow the instructions.
• Complete and return the enclosed form[s].
Attached to the letter was a form titled "Notification of Owner Retained Vehicle" (the "Notification Form"). The Notification Form included various blank spaces for the inclusion of certain specified information about Rmah's vehicle, including the "Owner ... ID #." On 7 January 2016, Rmah submitted the completed Notification Form to Wilson. While the other items on the form were apparently filled out correctly, the vehicle identification number for the Honda Odyssey was written in the space for the "Owner ... ID#." USAA CIC never submitted payment to Rmah.
On 7 February 2016, Rmah filed a complaint in Wake County District Court alleging claims against United Services Automobile Association ("USAA") for breach of insurance contract, breach of settlement agreement, unfair claims settlement practices pursuant to N.C. Gen. Stat. § 58-63-15(11), unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 et seq ., and bad faith. The complaint also asserted a claim for negligence against Mihans. On 4 May 2016, USAA filed a motion to dismiss on a number of grounds, including lack of subject matter and personal jurisdiction as well as failure to state a claim upon which relief could be granted.
A hearing was held on USAA's motion to dismiss on 16 June 2016 before the Honorable Debra S. Sasser. The trial court entered an order on 5 July 2016 stating, in pertinent part, as follows:
The Court ... CONCLUDES that the claims against USAA alleging breach of the insurance contract, unfair claims settlement practices pursuant to G.S. § 58-63-15(11), unfair and deceptive trade practices pursuant to G.S. § 75-1.1 et seq. , bad faith, and punitive or exemplary damages pursuant to G.S. § 1D-1, et seq. , fail to state claims upon which relief can be granted, and therefore, Defendant USAA's Motion to Dismiss should be allowed.
The Court ex mero motu further CONCLUDES that in the exercise of its discretion, with regard to the sole remaining claim directed against USAA alleging a b[r]each of the oral settlement agreement that the Plaintiff should be permitted pursuant to Rule 12(e) to further plead and otherwise set forth sufficient allegations to assert a claim for breach of an oral settlement agreement.
NOW THEREFORE, it is hereby ORDERED that Defendant USAA's Motion to Dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) is hereby GRANTED and all claims asserted against Defendant USAA alleging a breach of the insurance contract, unfair claims settlement practices pursuant to G.S. § 58-63-15(11), unfair and deceptive trade practices pursuant to G.S. § 75-1.1 et seq. , bad faith, and punitive or exemplary damages pursuant to G.S. § 1D-1, et seq . are hereby dismissed with prejudice.
On 12 July 2016, Rmah filed an amended complaint. Attached to this complaint as exhibits were copies of the 9 December 2015 letter from Wilson, the Notification Form as it had been filled out by Rmah, and a letter from Rmah to Wilson enclosing the Notification Form and requesting payment of $ 2,400. USAA filed an answer to the amended complaint on 25 July 2016 along with a motion to dismiss pursuant to Rule 12(b)(6) based on multiple grounds, including the assertion "that the alleged contract as referenced in the Amended Complaint was not entered into by [USAA]. At all times referenced in the Amended Pleadings and Attached Exhibits, the Plaintiff and his counsel were communicating with employees of [USAA CIC], a separate company from [USAA]." USAA also moved for judgment on the pleadings pursuant to Rule 12(c) on 5 August 2016.
On 9 August 2016, Rmah filed a motion for leave to amend his complaint a second time. This motion was granted by consent order on 24 August 2016, and Rmah's complaint was amended to substitute USAA CIC as a defendant in place of USAA. USAA CIC filed both an answer to the second amended complaint and a motion for judgment on the pleadings under Rule 12(c) on 16 September 2016.
On 20 October 2016, a hearing was held on USAA CIC's motion for judgment on the pleadings. The trial court entered an order on 14 November 2016 granting USAA CIC's motion. Rmah gave notice of appeal to this Court from both the 5 July and 14 November 2016 orders.
Analysis
It is well established "that both a motion for judgment on the pleadings and a motion to dismiss for failure to state a claim upon which relief can be granted should be granted when a complaint fails to allege facts sufficient to state a cause of action or pleads facts which deny the right to any relief." Bank of Am., N.A. v. Rice , 244 N.C. App. 358, 369-70, 780 S.E.2d 873, 882 (2015) (citation, quotation marks, and brackets omitted). "This Court will review de novo the grant of a motion to dismiss under Rule 12(b)(6) and for judgment on the pleadings under Rule 12(c)." Freedman v. Payne , --- N.C. App. ----, ----, 800 S.E.2d 686, 689 (citation and quotation marks omitted), disc. review denied , --- N.C. ----, 803 S.E.2d 387 (2017).
Rmah's arguments on appeal can be broken down into two categories: (1) a challenge to the dismissal of his claims for unfair and deceptive trade practices under N.C. Gen. Stat. § 58-63-10 and § 58-63-15 and for breach of the insurance contract between USAA CIC and Mihans; and (2) a challenge to the entry of judgment on the pleadings as to his claim for breach of oral settlement agreement.
I. Claims for Breach of Insurance Contract and Unfair and Deceptive Trade Practices
Rmah initially contends that the trial court erred when it dismissed his claims for breach of insurance contract and for unfair and deceptive trade practices. We disagree.
"To withstand a motion to dismiss for failure to state a claim in a breach of contract action, a plaintiff's allegations must either show it was in privity of contract, or it is a direct beneficiary of the contract." Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc. , 143 N.C. App. 1, 8, 545 S.E.2d 745, 750, aff'd per curiam , 354 N.C. 565, 556 S.E.2d 293 (2001). This rule extends to insurance contracts, and our Supreme Court has explained the application of the principle to insurers, insureds, and third parties as follows:
Ordinarily when a liability or indemnity policy is taken voluntarily, the contract is one by which the insurer undertakes to indemnify or save harmless the insured (and no one else) from any liability of the risks insured against. There is no privity of contract between the insurer and the third person injured or damaged by the acts of the insured to enable such person to sue the insurer either directly in a separate action or jointly in the same action with the insured. The insurance contract is procured by the insured for his own protection, and not for the protection of a third person who may sustain an injury. In the absence of an enabling statute, therefore, or a policy provision having that effect, the latter may not proceed against the insurer, at least not until he has secured a judgment against the insured with an execution thereon returned unsatisfied.
Taylor v. Green , 242 N.C. 156, 158, 87 S.E.2d 11, 13 (1955) (citation omitted).
Thus, a private right of action by an injured third-party claimant against an insurance company in this context will arise only after a judgment has been entered against an individual insured by that insurer and in favor of the injured third-party claimant. Murray v. Nationwide Mut. Ins. Co. , 123 N.C. App. 1, 15-16, 472 S.E.2d 358, 366 (1996) (because "the injured party in an automobile accident is an intended third-party beneficiary to the insurance contract between insurer and the tortfeaser/insured party," the injured party was in contractual privity with the insurer once judgment was entered against the tortfeasor (citation omitted)), disc. review denied , 345 N.C. 344, 483 S.E.2d 173 (1997).
Here, it is undisputed that (1) Rmah was not a party to the insurance contract between USAA CIC and Mihans; and (2) no judgment has been entered in favor of Rmah in connection with the 13 November 2015 accident. Thus, Rmah lacks standing to bring this claim, and the trial court properly granted USAA CIC's motion to dismiss. See Am. Oil Co., Inc. v. AAN Real Estate, LLC , 232 N.C. App. 524, 527, 754 S.E.2d 844, 846-47 (2014) (upholding trial court's dismissal of plaintiff's breach of contract claim because plaintiff, having failed to "show that it was in privity of contract or [that it was] a beneficiary of any kind" to the contract at issue, lacked standing).
Rmah also asserts that the trial court erred in dismissing his claims under N.C. Gen. Stat. § 58-63-10 and § 58-63-15.
Trade practices in the insurance business are regulated by Chapter 58, Article 63 of the North Carolina General Statutes. Unfair and deceptive trade practices are prohibited generally, N.C.G.S. § 58-63-10..., and unfair and deceptive claim settlement practices are prohibited specifically, N.C.G.S. § 58-63-15(11) [.]
Stott v. Nationwide Mut. Ins. Co. , 183 N.C. App. 46, 52, 643 S.E.2d 653, 657-58 (2007) (internal citations and quotation marks omitted).
N.C. Gen. Stat. § 58-63-10 provides as follows:
No person shall engage in this State in any trade practice which is defined in this Article as or determined pursuant to this Article to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.
N.C. Gen. Stat. § 58-63-10 (2017).
N.C. Gen. Stat. § 58-63-15(11) states, in pertinent part:
Unfair Claim Settlement Practices. -Committing or performing with such frequency as to indicate a general business practice of any of the following: Provided, however, that no violation of this subsection shall of itself create any cause of action in favor of any person other than the Commissioner:
....
d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;
....
f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear[.]
N.C. Gen. Stat. § 58-63-15(11) (2017).
This Court has held that a "[p]laintiff's remedy for violation of [Chapter 58] is the filing of a claim pursuant to N.C.G.S. § 75-1.1, the unfair or deceptive trade practices statute." Stott , 183 N.C. App. at 53, 643 S.E.2d at 658 (citation omitted). N.C. Gen. Stat. § 75-1.1 provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75.1-1(a) (2017). A violation of N.C. Gen. Stat. § 58-63-15 thus "constitutes an unfair and deceptive trade practice in violation of ... § 75-1.1 as a matter of law." Miller v. Nationwide Mut. Ins. Co. , 112 N.C. App. 295, 302, 435 S.E.2d 537, 542 (1993) (citation omitted), disc. review denied , 335 N.C. 770, 442 S.E.2d 519 (1994).
Once again, however, Rmah's argument is foreclosed based on a lack of privity. This Court has held that where a "plaintiff is neither an insured nor in privity with the insurer ... a private right of action under N.C.G.S. § 58-63[-]15 and N.C.G.S. § 75-1.1 may not be asserted by a third-party claimant against the insurer of an adverse party." Murray , 123 N.C. App. at 14-15, 472 S.E.2d at 365 (citation omitted). Thus, because Rmah-as explained above-is neither an insured of USAA CIC nor in privity with it, he lacks a right of action under N.C. Gen. Stat. § 75-1.1 premised on a violation of N.C. Gen. Stat. § 58-63-15.
II. Breach of Settlement Agreement
In his final argument, Rmah asserts that he entered into an oral contract with USAA CIC through its agent, Wilson, and that this contract was breached when USAA CIC failed to pay the agreed-upon sum of $ 2,400 for Rmah's property damage claim. In response, USAA CIC contends that the settlement agreement never actually went into effect because Rmah did not return a fully executed Notification Form to USAA CIC as requested. In support of this contention, USAA CIC asserts that on the form he simply listed the Honda's vehicle identification number in the space labeled "Owner ... ID #," which was instead intended for Rmah to provide his driver's license number therein. USAA CIC argues that the provision of Rmah's driver's license number was a condition precedent to the settlement agreement becoming effective.
Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill , 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000) (citation omitted). "The well-settled elements of a valid contract are offer, acceptance, consideration, and mutuality of assent to the contract's essential terms." Se. Caissons, LLC v. Choate Constr. Co. , 247 N.C. App. 104, 110, 784 S.E.2d 650, 654 (2016) ; see Snyder v. Freeman , 300 N.C. 204, 218, 266 S.E.2d 593, 602 (1980) ("The essence of any contract is the mutual assent of both parties to the terms of the agreement so as to establish a meeting of the minds.")
There is no meeting of the minds, and, therefore, no contract, when in the contemplation of both parties ... something remains to be done to establish contract relations. This rule has been described as too well established to require the citation of authority. Thus, if negotiating parties impose a condition precedent on the effectiveness of their agreement, no contract is formed until the condition is met.
Parker v. Glosson , 182 N.C. App. 229, 232, 641 S.E.2d 735, 737 (2007) (internal citations and quotation marks omitted).
Based upon our review of the allegations in Rmah's amended complaint under basic principles of notice pleading, we are satisfied that he has pled a valid claim for breach of settlement agreement. See Woolard v. Davenport , 166 N.C. App. 129, 134, 601 S.E.2d 319, 322 (2004) (trial court erred in dismissing breach of contract claim under Rule 12 where complaint alleged basic elements of cause of action). As an initial matter, we observe that the portion of the Notification Form at issue is not entirely clear in terms of the precise information being sought. The form does not expressly use the words "driver's license number." Moreover, even assuming that this was, in fact, the information that was being requested, it is not clear from the present record-which is limited to the parties' pleadings-why a single mistaken response on a form of this nature would be sufficient, without more, to render the settlement agreement void. Given that all we have before us are the parties' pleadings, we have no way of knowing whether the mistake was pointed out to Rmah or of the subsequent events that transpired between the parties.[1]
We conclude that it was premature for the trial court to dismiss this claim. Therefore, we reverse the court's 14 November 2016 order. See Flexolite Elec., Ltd. v. Gilliam , 55 N.C. App. 86, 88, 284 S.E.2d 523, 524 (1981) (holding that trial court improperly granted motion for judgment on the pleadings as to breach of contract claim).
Conclusion
For the reasons stated above, we affirm the trial court's 5 July 2016 order and reverse the court's 14 November 2016 order.
AFFIRMED IN PART, REVERSED IN PART; AND REMANDED.
Report per Rule 30(e).
Judges HUNTER, JR. and BERGER concur.

USAA CIC contends in its appellate brief that "USAA CIC advised [Rmah] and his attorney that the form was not properly executed, and therefore, USAA CIC could not comply with the statutory requirements for paying a salvage claim where the owner retained the vehicle. USAA CIC then provided [Rmah] and his attorney with a new form and requested that it be properly executed." However, USAA CIC simply cites to its own answer in support of this proposition. It is axiomatic that we are not able to consider assertions contained in a defendant's unsworn answer in our consideration of a Rule 12 motion. See, e.g. , Tully v. City of Wilmington , 370 N.C. 527, 533, 810 S.E.2d 208, 213 (2018) ("In considering a motion for judgment on the pleadings, all well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false." (citation, quotation marks, and brackets omitted)).